The Central Ohio Railroad Company *v.* Albert G. Lawrence.

1. The use on land, the property of a railroad company, of engines and cars running at a high rate of speed, though dangerous, is a reasonable use of land, because it is for a proper object, and a highly beneficial purpose, and the danger may be avoided by proper care. If the owners of cattle permit them to run at large in the vicinity of an uninclosed railroad track, and do not choose to avoid danger to their cattle by keeping them within their own inclosures, they can ask no more than that the agents of the railroad company, in the legitimate conduct of its business, running its trains with a speed regulated by the grade of its road, the capacity of its locomotive power, and the safety of persons and property carried, shall, with due regard to the safety of persons and property in their charge, being the paramount consideration, exercise, what, "in that peculiar business, would be ordinary and reasonable care to avoid unnecessary injury to animals casually coming upon their uninclosed

road." A railroad company in determining the rate of speed at which its train shall run, such rate being otherwise reasonable and proper, in view of the object to be accomplished, is not bound to consider the increased risk to cattle running at large in the vicinity of its track, and lessen the speed on that account.

2. When there is nothing in the running of a train, or in its rate of speed, at a particular time and place, inconsistent with the general and legitimate conduct of the business of a railroad company, the occasion and necessity therefor do not properly concern the owner of cattle running at large, and he can not properly inquire, whether the rate of speed was greater than usual for a particular train at a particular place, and what was the object of such increased rate of speed. The inquiry should be, "whether, under all the circumstances of the case, the defendants excised reasonable and proper care in running their engine to avoid injury to the cattle of the plaintiff." And the facts and circumstances which may be relied upon to show a want of *proper* care, are for the exclusive consideration of the jury.

*Kerwhacker* v. *C. C. & C. R. R. Co.*, 3 Ohio St. Rep. 172; *C. H. & D. Railroad Co.* v. *Waterson*, 4 Ohio St. Rep. 424; *C. C. & C. Railroad Co.* v. *Elliot*, 4 Ohio St. Rep. 471, cited and approved.

ERROR to the district court of Guernsey county.

The original action was brought by Lawrence against the railroad company to recover damages for an injury to cattle by a locomotive, the cattle being on the railroad track, and having been some killed and others injured, as was alleged, by the negligence of those having charge of a passenger train of the railroad company.

The answer denied that there was any negligence.

On the trial of the case, before a jury in the court of common pleas, a bill of exceptions was allowed and singed, which stated:

That "testimony was given to the jury, on behalf of the plaintiff, showing that plaintiff's cattle were injured and killed by a train of cars transporting passengers, running as a passenger train upon the railroad, at the time and place stated in the petition of the plaintiff; and also testimony tending to prove that said killing and injury resulted from the negligence of the servants of the defendant in charge of the train, and also testimony tending to show that the train was running at a speed which was unusually fast for that train at that place.

"On behalf of the defendant, evidence was given to the

jury, tending to prove that when the said cattle were injured, it was in the night season; that the train was behind time; that it was expected the train would meet another train going in an opposite direction, about one and half miles from the place where the cattle were injured, within a few minutes from the time of the injury; and that the train had connections to make with other passenger trains; that the train was running little if any faster than usual; and that on a track like that where the cattle were injured, running the train faster than the usual rate of speed, would not increase the danger to cattle, that might be on the railroad track in the night season.

"And after hearing the evidence of the parties, and the arguments of counsel, the court charged the jury as follows: That the defendant was not liable, unless the injury was the direct result of the negligence of the agents of the defendant, and the burden was on the plaintiff to prove the negligence: That if the jury became satisfied from the evidence that the cattle of the plaintiff were killed by the cars of the defendant running against them, when they were on the track of the railroad of the defendant, and said cars were employed in carrying passengers on said road, and that when the cattle were killed the cars were being run faster than the usual or ordinary speed of that train at the place of the injury, and that such unusual speed contributed directly to the injury, and was not rendered necessary by some such important object as to avoid a collision, or to make a connection with some other train, then the verdict must be for the plaintiff: That one of the considerations to determine the rate of speed at which cars may be run is the fact that cattle are liable to stray upon the track of unfenced railroads, or roads only partly fenced, and in determining whether the train shall be run at an unusual speed, except when the speed shall be necessary in order to avoid a collision, or to make a connection, or to attain some such desirable end, the agents of the company must consider and take into consideration the danger to cattle consequent upon such unusual speed. But the defendant can not in any case be held liable because of unusual speed,

unless it shall appear that such unusual speed contributed directly to the injury."

To each of said several charges the defendant excepted.

A verdict having been rendered for the plaintiff, and judgment entered thereon, the defendant filed a petition in error in the district court, and the judgment having been affirmed, a petition in error was filed in this court.

*C. B. Goddard*, for plaintiff in error, argued that the district court erred in not reversing the judgment of the court of common pleas, for the reason that the charge given by the judge to the jury was erroneous and prejudicial to the railroad company, and cited *C. C. & C. R. R. Co.* v. *Elliot*, 4 Ohio St. Rep, 474; *Bellefontaine and Indiana R. R. Co.* v. *Schruyhart*, 10 Ohio St. Rep. 116.

*H. Skinner*, for defendant in error, insisted that the charge of the court to the jury was in accordance with the principles established in *C. C. & C. R. R. Co.* v. *Kearney*, 3 Ohio St. Rep. 201; *Kerwhacker* v. *C. C. & C. R. R. Co.*, *Ib.* 172; *C. H. & D. R. R. Co.* v. *Waterson*, 4 Ohio St. Rep. 424; *C. C. & C. R. R. Co.* v. *Elliot*, *Ib.* 476.

GHOLSON, J.—The relation, toward each other, of a railroad company operating an unfenced road, and the owners of cattle, has been settled by several decisions of this court. *Kerwhacker* v. *C. C. & C. R. R. Co.*, 3 Ohio St. Rep. 172; *C. H. & D. Railroad Co.* v. *Waterson*, 4 Ohio St. Rep. 424; *C. C. & C. Railroad Co.* v. *Elliot*, 4 Ohio St. Rep. 474.

The difficulty now is in the application of the principles established by those decisions.

The owner of cattle, found on an unfenced railroad, is not to be regarded as a trespasser or wrongdoer, but is entitled to the exercise of ordinary and reasonable care, under all the circumstances, to avoid any injury to his cattle. A railroad company, like any other land proprietor, has a right to the free, exclusive and unmolested use of its railroad track, not exempt, however, from the duty of so using its own property

as to do no unnecessary injury to another, and bound, when using its property in a mode which many result in injury to another, to the exercise of due care. If a railroad company is in the reasonable use of its railroad track—its own property —with reference to any rights of others, and on the occasion of an injury to cattle found on the railroad track, exercises reasonable care, under all the circumstances, to avoid the injury, it can not be held liable to the owner of the cattle. But if, as to any right of such owner, the use being made of the railroad track is unreasonable and dangerous, or there is a want of proper care to avoid injury to his cattle found on the track of the road, and there is injury resulting from such unreasonable and dangerous use of the railroad track, or from such want of care, the railroad company will be liable therefor to the owner.

The question is, what, as to the owner of cattle, is to be regarded an unreasonable and dangerous use of its railroad track by the company? It is certainly not enough that the use should be dangerous. it must also be unreasonable, and that with reference to some right of the owner of the cattle. The very object of a railroad is the transportation of persons and property, at a high rate of speed, by means of ponderous engines and cars, and this must necessarily be dangrous to cattle coming on the track. That the owners of cattle have no such right or interest in the uninclosed lands of their neighbors, as to entitle them to claim that its use for a railroad is unreasonable, is settled by the decisions to which reference has been already made. Have they any right to complain as to the degree of speed at which it may be the interest of a railroad company to transport persons and property, and at which persons may be willing to have themselves and their property carried on a railroad? We do not think that they have any such right; and the admission of such a right would be inconsistent with the progress of improvement in facilities for travel and commerce, with which progress such a right as that of an owner of cattle to have them run on the uninclosed lands of others ought not to interfere. In determining, therefore, the rate of speed at which its trains

shall run, the same being otherwise reasonable and proper in view of the object to be accomplished, we do not think a railroad company is bound to consider the increased risk to cattle on its track, which may be thereby occasioned, and lessen the speed on that account.

The use, on land, of engines and cars running on a railroad track, at a high rate of speed, though dangerous, is a reasonable use of land, because it is for a proper object, and a highly beneficial purpose, and the danger may be avoided by proper care. There is certainly a risk to cattle running at large in the vicinity of an uninclosed railroad track, but this risk the owners of cattle must take, unless they choose to avoid it by keeping the cattle within their own inclosures. If they do not choose to do this, they can ask no more than that the agents of the railroad company, in the legitimate conduct of its business, running its trains with a speed regulated by the grade of its road, the capacity of its locomotive power, and the safety of the persons and property carried, shall, with due regard to the safety of persons and property in their charge, being the paramount consideration, exercise what, " in that peculiar business, would be ordinary and reasonable care to avoid unnecessary injury to animals casually coming upon their uninclosed road." 3 Ohio St. Rep. 173. Where there is nothing in the running of a train, or in its rate of speed, at a particular time and place, inconsistent with the general and legitimate conduct of the business of the railroad company, we can not see how the occasion and necessity therefor can properly concern an owner of cattle running at large. He can not properly discuss with the company the proper exercise of the discretion vested in its agents as to the time or occasion of running its trains, and has no right to bring forward its time table and list of connections, and enter into an inquiry whether the rate of speed was greater than usual for a particular train, at a particular place, and whether such rate of speed was necessary to make a connection or avoid a collision, or for some other proper object.

No evidence is referred to in the bill of exceptions, which

shows that the rate of speed at which the train was running was a rate at which the railroad company, in the ordinary and legitimate conduct of its business, might not reasonably and properly run its trains. Such being the case, we think the inquiry should have been limited, in accordance and in connection with the rights and liabilities established in such cases, as in the case of the *C. C. & C. R. R. Co.* v. *Elliott*, 4 Ohio St. Rep. 474, to the question, "whether, under all the circumstances of the case, the defendants exercised reasonable and proper care in running their engine to avoid injury to the cattle of the plaintiff." And, as said in the case of the *C. H. & D. R. R. Co.* v. *Waterson*, 4 Ohio St. Rep. 434, "the facts and circumstances relied upon to show a want of *proper* care, were for the exclusive consideration of the jury."

In accordance with these views, the judgment of the district court and of the court of common pleas must be reversed, and the case remanded to the court of common pleas for another trial.

Judgment reversed.

SUTLIFF, C.J., and PECK, BRINKERHOFF and SCOTT, JJ., concurred.