STATE OF VERMONT v. MERRITT LEARNARD.

*Criminal Law. Duress. Age of Responsibility.*

The burglary and larceny charged, having been committed by the children of the respondent, a boy above, and a girl below, the age of responsibility, under compulsion of the respondent, he remaining at home a mile distant, the court could not properly charge the jury that the girl's presence could not be referred to the duress of the respondent, nor make him a principal in the offense, but should be referred to the responsible person actually present, committing the crime.

A subject of *duress* should be submitted to the jury upon the whole evidence bearing upon it, and not be determined as matter of law, either upon the whole or certain excepted portions of the evidence.

Nor should the court charge that a girl thirteen or fourteen years old, of good size and ordinarily intelligent, who was capable of working away from home for wages, and who had done so, these being facts which the evidence tended to prove, is of sufficient discretion to be responsible for what crimes she commits.

Capacity for crime in persons above the age of seven years is always a question of fact. The law assumes, *prima facie*, that persons above fourteen years of age are capable of crime, but subjects that assumption to the effect of proof as to the real fact.

THIS was a trial upon an information containing four counts, charging the respondent with burglary and larceny. Plea, not guilty. Trial by jury, at the September term, 1868, WILSON, J., presiding.

The evidence showed the breaking and entering to have been in fact done by a boy about sixteen years old and a girl about thirteen years old, children of the respondent; that the respondent furnished them with false keys and other implements, and compelled them by threats of the most terrifying character to commit the act; he remaining at home, some over a mile distant from the store that was broken open. The boy was prosecuted at the April term, 1868, of the county court, and on his plea of guilty was sentenced to the reform school.

For the respondent only one witness testified, and his testimony was, " I am acquainted with the respondent's girl; she worked for me; I thought she earned one dollar per week; she appeared to have intelligence; think she could distinguish between right and wrong. Don't think she ever attended sabbath school; don't think her morals very good ; she had lived at home."

The respondent's counsel requested the court to charge the jury as follows:

1. " That if the crimes charged were committed by two or more parties, one a girl of tender years, not of sufficient age to be responsible, and the other or others of sufficient age to be responsible, the presence of such a girl, even by direction of respondent, at the commission of a crime at the distance of a mile or more from where the respondent was, can not be referred to the duress of the respondent, nor make him a principal in the offense, but is to be referred to the influence of the responsible person actually present committing the crime.

2d. " That a girl thirteen or fourteen years old, of good size, and ordinarily intelligent, who was capable of working away from home for wages, and who had done so, is of sufficient discretion to be responsible for what crimes she commits."

Of a charge, very minute in respect to all the evidence and all aspects of the case, it is necessary to present only the following parts :

" If the jury should find beyond a reasonable doubt that the respondent's daughter entered the store of Chellis & Hunt, with intent to take and steal the goods, or was present and did aid and assist in taking and stealing the goods of Chellis & Hunt, and that she was at the time of entering the store, and taking or assisting in taking the goods, under the age of discretion, and that she had not sufficient discretion, to be responsible for the offense; and find that she, by the direction of the respondent, entered the store of Chellis & Hunt and took the goods, or was present aiding and abetting the taking of the goods by the direction of the respondent, and that the respondent provided the keys and lantern, for his said children to go and enter the store and steal the goods, and that the respondent compelled his said daughter to commit the act, or to go to the store and assist in entering the store and taking the goods, by telling her she must steal or starve, or by threatening to shoot her if she did not go and steal the goods, and find that in all she did, as to entering the store and taking the goods, she acted without discretion and without responsibility, and by the direction of the respondent, and that she acted through fear of loss of her life, if she did not obey her father, the respondent, then the respondent will be guilty as principal in the offense, even if he was at his own house when the store was broken into and the goods taken."

The court also told the jury that :

" If they should find the facts which the court told them would make the respondent a principal in either of the offenses charged,

they would be prepared, when they came to render their verdict, to state the ground on which they found him the principal in the offense, if they should so find." The jury returned a verdict of guilty, and then stated that "they did not find that the respondent himself entered the store, or that he was personally present, aiding and abetting the commission of the offense, but that they did find that the respondent's said daughter entered the store of Chellis & Hunt and took their goods, that she was under the age of discretion and had not sufficient discretion to be responsible for the act, that she entered the store, and took the goods, by direction of the respondent, that the respondent by said threats compelled his daughter to enter the store and take the goods, and that she committed the act through fear of loss of her life, occasioned by said threats, and the jury stated that they found all the facts, which the court told them as above would be necessary to make him principal in the offense, on this ground, and upon the facts so found they pronounced him guilty as principal in the offense."

Wherein the court omitted to charge as requested, the respondent excepted.

*Park Davis* and *Dewey & Noble*, for the respondent.

The respondent was entitled to a charge in accordance with his second request. The evidence tended to show that the respondent's daughter was thirteen years old, worked away from home, earned a dollar a week, had intelligence, and could distinguish right from wrong. These facts, as matters of law, show a sufficient degree of discretion to render the girl capable of crime. 1 Rus. on Crs. 2 and 3; 4 Bla. Com., 22, 23; Wh. C. L., 63.

But if this is a mixed question of law and fact, the court should have instructed the jury as to what constitutes capacity for crime. But if any of the persons sent by the respondent to commit the crime were of discretion, then the respondent would be an accessory and not a principal. To hold otherwise would make the respondent both principal and accessory in the same crime. There can be no accessory without a principal, hence the necessity of the rule that one procuring an irresponsible agent to commit a crime should be held guilty as principal, to prevent a failure of justice. 1 Rus. on Cr., 28; 1 Chit. C. L., 256; *Hazzard* v. *Smith*, 21 Vt., 123. In this case there was a responsible agent

present. Hence, *Cessante ratione legis, cessat ipsa lex.* The law will refer the duress to the present, instead of the absent, responsible party.

*Willard Farrington*, state's attorney, for the state.

There was no error in the charge of the court. 1 Rus. on Cr., 4 Am. ed., 14, 22. It does not affect the liability of the respondent, that either one or more persons, of sufficient discretion, co-operated with his daughter in the commission of the crime, whether such persons were also incited by the respondent or not.

The opinion of the court was delivered by

BARRETT, J. The exception is to the omission of the court to charge as requested, and not to the charge as given. Though a considerable part of the charge was not called for by the state of the evidence, and may be regarded as harmless surplusage, still that part of it applicable to, and elicited by, the evidence, seems to us to be correct in principle and application. We have only, then, to consider whether the court should have complied with the respondent's requests.

The subject of *duress* was to be submitted to the jury upon the whole evidence bearing upon it, and not to be determined as matter of law, either upon the whole or certain excepted portions of the evidence. Whether the presence and acts of the girl could be referred to the alleged duress, would depend upon the character, in what it consisted, under what circumstances it was exercised, and was altogether a question to be settled by the jury. The court could not properly tell them, as matter of law, even upon the facts assumed in the hypothesis of the request, that her presence and acts "can not be referred to the duress of the respondent;" for, whether by *duress*, or not, would still depend on the character of " the direction," as constituting control and compulsion by her father, in distinction from the influence of " the responsible persons who were actually present with her committing the crime."

The request not being warranted in this respect, the residue of it would seem to fail also ; for if, in fact, she acted by the com-

pulsion of her father, by his *duress*, it would hardly be claimed with a grave countenance that he was not to be charged as *principal*, the same as if he had been personally present doing the same things that his girl did by force of his duress.

The same character of remark seems appropriate to the second request. Capacity for crime in persons above the age of seven years is, in the last analysis, always a question of fact. As the result of observation and experience, the law assumes, *prima facie*, that persons above fourteen years of age are capable of crime, but subjects that assumption to the effect of proof as to the real fact. The intermediate period is called by Mr. Blackstone " the dubious stage of discretion." In reference to capacity during this period the law makes no presumption, but leaves it to be determined by the jury upon the evidence. The law has never undertaken to say that any defined physical dimensions or strength, and being " ordinarily intelligent, and working away from home for wages," constitute the *capacity* for crime, or the criterion of such capacity. Such facts would be pertinent as tending to show the existence of such capacity. Some of those facts are quite indefinite in their significance as bearing upon the question of capacity, either mental or moral, and proper rather for the consideration of a jury than the ground and subject of a specific and definitive legal result.

But it is to be noticed that the evidence only tended to show that the girl was within that " dubious stage" wherein the law makes no presumption, but submits the subject to the finding of the jury upon the evidence.

As no error is found in the matters to which exception was taken, said exceptions are overruled, and the judgment of the county court is affirmed.