Okey, J.
Sir Matthew Hale truly observes, that “ rapéis a most detestable crime.” Where the injured party is a child, the outrage is most revolting. The mind is led, unconsciously, to the consideration of what the punishment ought to be, rather than to the inquiry which it is our duty to make. But our duty is simply to ascertain whether the plaintiff in error has been legally convicted of the felony of rape. Until 1815, that crime was punishable in this-state with death ; and, although the penalty is at present-less than death, we must observe the same rules as formerly in ascertaining whether the crime has been committed.
Whatever doubt existed on the question, it was settled’ in Blackburn v. The State, 22 Ohio St. 102, that emissio sem~ *55 inis is an essential ingredient in the crime of rape. In consequence of that decision, the legislature, in 1874, passed a statute on the subject. 71 Ohio L. 14. In 1877, that act was incorporated into the code of criminal procedure, in the following form : “ Carnal knowledge or sexual intercourse shall be deemed complete upon proof of penetration only.” 74 Ohio L. 349, § 31.
Similar provision had been made in England more than half a century previous to that time (9 G. 4, chap. 31; 24 and 25 Viet. chap. 100), and the same thing had been done in New York, Michigan, Iowa, Arkansas, and doubtless in other states. These statutes, it had been perfectly well settled, did not increase the class of persons who might be convicted of rape, but simply made penetration conclusive evidence of emission. R. v. Groombridge, 7 C. & P. 582 ; R. v. Philips, 8 C. & P. 736; R. v. Jordan, R. v. Brimilow, 9 C. & P. 118, 366 ; R. v. Read, 1 Den. 377; 3 Greenleaf’s-Ev. §§ 210, 215. Moreover, the provision should be strictly construed in favor of one accused of crime, and hence, the fair construction is, that it does not enlarge the meaning of the statute defining the crime of rape (74 Ohio L. 245, § 9), so as to extend it to one having no capacity to emit semen.
In England, a boy under fourteen years of age can not, in contemplation of law, be guilty of the crime of rape, or of an assault with intent to commit it. It may not be entirely clear why the presumption in a case of this character —unlike that which pertains to crimes, in general, committed by persons under that age — should be conclusive ; hut such is the fact. In Williams v. The State, 14 Ohio, 222, it was held the presumption exists here, but that it may be rebutted. The ground of the decision is, that by reason of difference in climate, and other causes, puberty is arrived at earlier, here than in England. “ In our state,” said Read, J., “we know that many infants under fourteen are capable of being guilty, but that a majority are not capable under that age.” Undoubtedly the common law is only in force in this state so far as its principles are adapted to our condition; and it is also true, that the age at which *56 puberty is reached is dependent not only on race and the habits of the people, but also on climate. In England, as well as in Ohio, males, in many eases, arrive at puberty before they attain the age of fourteen years, as will appear from the cases already cited. If a range of mountains occupied the place of our great northern lakes and their connecting rivers, we might have the semi-tropical climate of the same latitude in Spain, Portugal, and Italy, in which puberty is attained by boys, in neatly all cases, before they arrive at the age of fourteen years; but our climate is very different; and, in my opinion, there is no appreciable difference in the age at which a boy in Ohio and one in the higher latitude of England undergoes the change in question. Still, the rule that the presumption of incapacity may be rebutted, as determined in Williams’ case, has stood as the law of this state for many years, and we are not willing to disturb'it. But here we are asked, not only to adhere to Williams v. The State, but to go a step further, and, on evidence of the most unsatisfactory' character, east on the accused the burden of proof of his incapacity. The answer to this claim is found in the principle asserted in Williams v. Roberts, 5 Ohio, 35-44, where it was said that, while the court may feel bound by the authority of a former decision, it may be unwilling to extend it. And see 14 Ohio, 236 ; 11 Ohio St. 289.
The rule laid down in Williams v. The State has not been generally followed elsewhere, but it was substantially approved in one case in New York (The People v. Randolph, 2 Park. 174), where the facts were quite similar. In reversing the conviction, the court said — what seems quite pertinent here — that “the prisoner was proved to have been of an age when the law presumes him to be incapable of committing the crime, and it. was the duty of the prosecution not only to meet, but to repel, this presumption by clear proof of his capacity.”
Recurring to the case presented in the record, it is quite clear that the learned judge, in the court below, overlooked the' statute dispensing with the proof of emission. This *57 is not strange, in view of the confused condition of our statute law, from which, I hope, we are about to have relief. This oversight does not, of itself, call for a reversal, although, in consequence of it, the attention of the jury was directed rather to the capacity of the accused, as exhibited in the actual occurrence, than to his capacity in point of fact. But the vice in the charge is the statement that penetration, rupture of the hymen, and the discharge of any sort of “ sexual fluid,” would cast on the accused the burden of proof, to show that such fluid was not seminal. The proof of penetration and rupture of the hymen was not prima facie evidence, as it would have been in case of a boy over fourteen years of age, that the accused had arrived at puberty. The direct proof of emission was slight. But, however cogent the evidence may have been, it was for the jury. In some cases it is proper to say to a jury what their verdict must be, if they find particular facts to be proved (as in Walker v. Stetson, 14 Ohio St. 89); but, on an issue like that involved in this case, a court is not authorized to enumerate facts of no determinate value, and say, that, if they are proved, a prima facie ease for conviction is made. State v. Learnard, 41 Vt. 585 ; Railroad Co. v. Lawrence, 13 Ohio St. 66.
We are satisfied the proper course, in this case, was to have said to the jury, in substance, that if they found the accused had sexual intercourse with the child, in the manner stated in the indictment, but that ho was, at the time, under fourteen years of age, the burden was on the state to show that he was capable of emitting semen ; and that the weight which should be given to the evidence, tending to prove or disprove such capacity, was for the consideration of the jury.
Of course, if an assault was proved, but not the rape, the prisoner might have been convicted of the assault.
Eor error in the particular stated, the judgment must be reversed, and cause remanded for a new trial.

Judgment reversed.

Boynton, J., dissented from the judgment of reversal.