Longworth, J.
This court held in Ruffner v. C. H. & D. R. R. Co., 34 Ohio St. 96, that no inference of negligence on the part of a railroad company arises from the mere fact that injury results from a fire caused by sparks from a passing locomotive; and in Railroad v. Lawrence, 13 Ohio St. 66, it was held that want of ordinary care must be proved affirmatively to authorize the recovery of damages for live stock killed by a train of cars. The rule is well settled that in such case the mere fact that the animal has been killed, will not warrant a presumption of negligence on the part of the employes of the company. Even in those states wherein statutes have been enacted, providing that proof of killing shall be of itself sufficient to cast upon the company the burden of proving that proper and ordinary care was used,.the courts have said that, but for such statutes, the rule would have been otherwise. 78 Ky. 621; 36 Ark. 152; Pierce on Railroads, 428.
In the ease before uc, we are asked to say that the evidence showing that the mare ran a distance of forty rods in front of the engine, was sufficient to authorize the jury to find that the engineer must have seen her, and could have stopped his engine within that distance; there being also evidence in the case tending to show, that within such distance the heaviest freight train could be stopped. We should agree to this proposition, were there anything to show that the engineer did see the animal, or might have seen her, had he exercised proper care in running his engine, in time to have avoided the injury; but upon this point the evidence is absolutely silent. Perhaps such inference might be authorized, had the accident occurred in broad daylight; but how dark or foggy this night was, the jury could not know.
*556 Indeed, it may be true that the mare had galloped along the track some time before she was killed. In the total absence of evidence upon a material fact, the jury were not warranted in guessing that negligence caused the injury.

Judgment reversed.