## RICE *v.* THE STATE.

1. Where personal property is taken and retained by a person incapable of com-
   mitting a crime, the custody is that of the owner, and one taking it from such
   irresponsible agent, with intent to convert the same, would be guilty of lar-
   ceny as in the case of finding lost property.
2. If one should procure an infant to enter a house and take personal property
   therefrom, he would be guilty of larceny from the house, or burglary, as the
   case might be.

Submitted April 28, — Decided May 30, 1903.

Indictment for larceny from the house.   Before Judge Roberts.
Irwin superior court.   March 10, 1903.

*McDonald, Quincey & Grantham,* for plaintiff in error.
*John F. DeLacy, solicitor-general,* and *L. Kennedy,* contra.

LAMAR, J: While the special grounds of the petition for certio-rari were not verified by the county judge, the same questions are raised by the assignment that the verdict was contrary to law. The defendant was found guilty of larceny from the house, but in her statement claimed that she had received the property from her eight-year-old son. He, ou being allowed to testify, said that the prosecutrix had given him the articles, telling him at the same time that her husband was going to destroy her, and if the boy could not remove the goods before his return she wanted him to burn down the house.

Where personal property is taken and retained by an idiot, in-fant under the age of ten years, or other person incapable of com-mitting a crime, the custody is still that of the owner, and one tak-ing it from such irresponsible agent with intent to convert the same would be guilty of larceny, as in case of finding lost goods. *Ed-wards* v. *State*, 80 *Ga.* 129; *Berry* v. *State*, 10 *Ga.* 511 (2); Al-len *v.* State, 91 Ala. 19; State *v.* Learned, 41 Vt. 585. The judge charged that if the defendant received the goods from the infant, she was guilty of larceny; but that if she instructed, counseled, and procured him to enter the house for the purpose of obtaining the personal effects of the owner, she would be guilty,— which in legal effect meant that she would be guilty generally of the criminal of-fense charged. The prosecutrix denied having given the goods to the boy, and, the defendant being found in the recent possession of the stolen property, the jury may well have believed that the pre-posterous statement of the child did not satisfactorily account for their possession. All the circumstances were sufficient to warrant a verdict of guilty as charged. It is therefore unnecessary to con-sider whether, if the defendant had not counseled, but only knew that the infant had taken the goods from the house, and consented thereto, the ratification would relate back to the original act of re-moval so as to make her guilty of larceny from the house; or whether, as the custody was in the owner when the animus furandi arose, her guilt could not extend beyond what she herself had done, nor be enlarged by the fact that she knew that the infant had taken the property out of the house under such circumstances as might constitute larceny from the house or burglary in a respon-sible person.                    *Judgment affirmed.    By five Justices.*