# State of Vermont v. John E. Fitzgerald

[449 A.2d 930]

No. 114-81

Present: Barney, C.J., Billings, Hill, Underwood and Peck, JJ.

Opinion Filed June 14, 1982

*John J. Easton, Jr.,* Attorney General, and *Marilyn R.*

*Skoglund,* Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*Andrew B. Crane,* Defender General, *William A. Nelson,* Appellate Defender, and *Jacqueline Majoros,* Law Clerk (On the Brief), Montpelier, for Defendant-Appellant.

**Barney, C.J.** The defendant was convicted by a jury of breaking and entering a maintenance building belonging to the Rutland Country Club in the nighttime. On appeal he raises two issues. The first relates to a refusal of the trial court to reopen the case to receive certain evidence. The second deals with the jury's request to have final argument read back and the manner of carrying out that request.

The Rutland police department dispatcher was alerted by the triggering of a silent alarm at the police station shortly after midnight on June 19, 1979. The location was a maintenance building on the grounds of the Rutland Country Club. Responding within five minutes the officers at the scene found the defendant's former wife seated outside the building. She professed to be alone, but the defendant was discovered inside when he attempted to break out of the back of the building through a window different from the one which he had broken on his way in.

The pair said that they had been camping out at Rocky Pond west of the Country Club property, and had gotten cold. They maintained that they then came through the woods to try to find an axe to cut wood for a fire, and were on their way to the defendant's house a few blocks further on when they came to the maintenance shed and the defendant decided to break in and borrow an axe.

The jury apparently did not accept the defendant's version of events. This may have been due to evidence that certain tools, a clock radio and a slide viewer had been moved from their usual location and secreted by the window from which the defendant attempted to exit. In any event, a guilty verdict resulted and the issues raised on appeal are here for review.

During the course of the trial there was testimony given by the defendant's former wife that the distance from Rocky Pond to the defendant's residence on Phillips Street was only about a mile, and took about twenty minutes to walk. In re-

buttal a police officer testified that the distance was much further even on a direct line, and the terrain was so rough through the woods that travelling by night without a flashlight would be nearly impossible. The defendant concededly had no light.

This ended the rebuttal and both sides rested just before lunch. After lunch, the defendant asked leave to reopen the evidence for the purpose of introducing a map of the area, to put the places in their true perspective. After reviewing the offer and listening to the objections of the prosecutor, the trial court denied the request. The defendant argues that this was prejudicial error requiring reversal.

It should be noted that this case is not like the case of *Goslant* v. *Goslant*, 130 Vt. 210, 211, 290 A.2d 22, 23 (1972), where the motion to reopen came a month after the evidence closed, although it was still permissible under 15 V.S.A. § 554. Similarly *State* v. *Pierce*, 87 Vt. 144, 151, 88 A. 740, 743 (1913), involved an exhibit in the hands of a medical witness who had left the court taking the exhibit with him. Here, reopening could have been granted much more as a matter of course since no interruption or disruption of the trial would be involved.

█ Even so, the issue is still one of discretion in the trial judge. Here the transcript reveals that his discretion was exercised on the basis that the proposed exhibit, rather than being helpful, might add a confusing element to the case. Among other things, it would not deal with the nature of the terrain involved. We cannot say that the discretion of the trial judge, was, therefore, exercised on clearly untenable grounds or represented a manifest abuse. *State* v. *Savo*, 141 Vt. 203, 446 A.2d 786 (1982). The defendant takes nothing under this allegation of error.

Turning to the second point brings us to the jury deliberations. The jury sent in a request to the judge by which it developed that they wished to have the closing arguments of counsel reread from the stenographer's notes. Neither party objected. Counsel on both sides left the courtroom during this reading.

At the end of the reading of the prosecutor's argument the jury indicated that they had heard enough. Both counsel were

sent for and arrived as the trial court inquired of the foreman whether or not they wished to hear the defense argument. Since the foreman had already indicated that to be the fact, the court's inquiry was simply an effort to make sure there was no misunderstanding. The foreman again, in the presence of counsel, indicated that the jury had heard all it wished to, and the whole jury indicated agreement when polled by the presiding judge. The jury then retired to resume deliberating. The judge and counsel then engaged in a discussion about the possibility of having to put the jury up for the night. Court then recessed to await the verdict.

At no time did counsel for the defendant make known to the court any objection he may have had to the abbreviated reading of the final arguments. Nor was any motion relating to this issue made when the jury returned its verdict, or during the opportunity for motions given following the receipt of the verdict.

■■■ Except for the purpose of ferreting out some admission or concession made therein by counsel, this Court unanimously condemns the rereading of counsel's final arguments. The arguments of counsel are not evidence, as the trial judge so charged the jury, unless they contain admissions against the party on whose behalf the argument is made. The danger of prejudice and misapplication of statements of advocacy is sufficient to label the practice error.

■ That there is little case history on this question is not surprising, since only recently has it become the practice in this state to transcribe closing arguments, making a rereading possible. The issue before us requires a decision as to whether, in this case, the repeating of only the prosecutor's final argument represents error so mischievous and prejudicial as to compel reversal in the absence of any objection by counsel, and given the protections afforded the defendant by the trial judge all during the process. Although error, we are not persuaded that what occurred here is error so egregious as to require a new trial or support the application of the "clear error" rule of State v. Morrill, 127 Vt. 506, 511, 253 A.2d 142, 145 (1969); State v. Kennison, 135 Vt. 238, 240, 373 A.2d 556, 558 (1977).

*Judgment affirmed.*