## State of Vermont v. Thomas Brown

[515 A.2d 1059]

No. 83-546

Present: **Allen, C.J., Hill, Peck, Gibson and Hayes, JJ.**

Opinion Filed August 8, 1986

*Jeffrey L. Amestoy,* Attorney General, *Susan R. Harritt,* Assistant Attorney General, and *Janet Murnane,* Law Clerk (On the Brief), Montpelier, for Plaintiff-Appellee.

*Martin and Paolini,* Barre, for Defendant-Appellant.

**Peck, J.** Defendant was convicted of sexual assault in violation of 13 V.S.A. § 3252(3) and of reckless endangerment in violation of 13 V.S.A. § 1025. On appeal defendant makes three claims of error: first, that the information charging him with sexual assault was fatally defective because he was not the actual participant in the sexual act; second, that the trial court erred in refusing to allow the jury to view the truck wherein the alleged sexual assault took place; and third, that the prosecutor's remarks during closing arguments and at sentencing denied him a fair trial and sentence. We affirm.

Viewing the evidence in the light most favorable to the prevailing party, *State* v. *Baxter,* 145 Vt. 295, 295-96, 487 A.2d 163, 164 (1984), the record reveals the following facts. On June 6, 1980 a group of teenagers was drinking in a park in Brandon. Defendant and four friends arrived in defendant's Ford pickup truck. The victim, who knew one of the young men, joined him in the back of the truck. Defendant drove out of town to the end of a dirt road and stopped in a freshly planted cornfield, where the group continued to drink. After a short while, defendant took a rifle from behind the seat of the cab and ordered one of the young men to take off the victim's clothes and perform sexual intercourse with her. This attempt was rebuffed by the victim. Defendant ordered another man to do the same. He was also rebuffed. Defendant then brandished his rifle and fired it. All the men fled on foot. One of the men, Darwin Bentley, Jr., turned back, stating that he did not want to be shot in the back. Defendant told Bentley to strip the victim and perform sexual intercourse with her or he would kill him. At this time, the victim had been pulled from the

front to the back of the truck with her knees hanging off the tailgate. Bentley had sexual intercourse with the victim.

The amended information charged that defendant:

"did . . . commit the crime of sexual assault contrary to 13 V.S.A. § 3252(3), to wit, by causing Darwin Bentley, Jr. and a juvenile female under the age of 16 years . . . not the spouse of Bentley or Brown, to engage in a sexual act, to wit, contact between the penis of Bentley and the vulva of [the juvenile female], to wit, by threatening Bentley and [the juvenile female] with a rifle and assisting in removing [the juvenile female's] clothes."

■ Defendant correctly suggests that if a person did not actually commit the offense, he may be punished as a principal if he aided in the commission of a felony under 13 V.S.A. § 3; was an accessory before the fact under 13 V.S.A. § 4; or combined with several persons under a common understanding and purpose to do an illegal act. *State* v. *Barr*, 126 Vt. 112, 122, 223 A.2d 462, 469-70 (1966); *State* v. *Orlandi*, 106 Vt. 165, 171, 170 A. 908, 910 (1934). Nevertheless, neither of the sections cited above nor the so-called *Barr-Orlandi* rule preclude charging a criminal actor as a principal if he or she could be charged as such under the common law. See 1 V.S.A. § 271 (so much of the common law as is not repugnant to the constitution or laws shall be the law in this state).

The doctrine of innocent agent has been described as follows:

If a person causes a crime to be committed through the instrumentality of an innocent agent, he is the principal in the crime, and punishable accordingly . . . . As between him and the innocent agent, there is no such relation as principal in the first and second degree or principal and accessory; he alone is the guilty party.

*State* v. *Thomas*, 619 S.W.2d 513, 514 (Tenn. 1981); see also 1 Wharton's Criminal Law § 30 (14th ed. 1978). We recognized this doctrine in *State* v. *Learnard*, 41 Vt. 585 (1869). In *Learnard*, the defendant forced his young daughter to steal goods from a store. The jury was instructed that if they found the daughter was not responsible for the offense because she was under the age of discretion and because she was compelled to act by her father's threats that he would shoot her, the father would be the principal

in the offense. *Id.* at 587. The court affirmed the father's conviction of burglary and larceny, even though he did not perform the actual crime. *Id.* at 589.

■ Defendant's argument that 13 V.S.A. § 7 preempts the common law rule of "innocent agent" is without merit. A statute does not change common law by doubtful implication; it is only overturned by clear and unambiguous language. See *Langle* v. *Kurkul,* 146 Vt. 513, 516, 510 A.2d 1301, 1303 (1986); *State* v. *Sylvester,* 112 Vt. 202, 207, 22 A.2d 505, 508 (1941). The statute, 13 V.S.A. § 7, states:

> A person who endeavors to incite, procure or hire another person to commit a felony, though the felony is not actually committed as a result of such inciting, hiring or procuring, shall be imprisoned not more than five years or fined not more than $500.00, or both.

Although the language of the statute encompasses the act of solicitation, as maintained by defendant, see *State* v. *Ciocca,* 125 Vt. 64, 70, 209 A.2d 507, 512 (1965); *State* v. *Hudon,* 103 Vt. 17, 20, 151 A. 562, 564 (1930), the statute does not contain any unambiguous language barring use of the innocent agent doctrine. This section punishes the attempt or endeavor to incite a felony; it does not address the situation where a crime is completed through the coercion of an innocent party. The statute's limitation of the maximum term of imprisonment to five years also indicates that it was not eliminating the innocent agent doctrine.

Defendant argues that the facts alleged in the information clearly bring the case within the actions prohibited under 13 V.S.A. § 7. We agree. Section 7, however, does not preclude defendant from being charged as the principal for the completed crime. The crime of solicitation, under 13 V.S.A. § 7, is completed when a person advises, counsels or solicits another to commit a felony regardless of whether the crime solicited is actually completed. *State* v. *Ciocca, supra,* 125 Vt. at 70, 209 A.2d at 512. Thus, defendant could have been charged with solicitation for ordering the first young man to perform sexual intercourse with the victim, even though the order was not carried out. Defendant could be charged as well with solicitation for forcing Bentley to perform the act, and can also be charged as a principal under the doctrine of innocent agent.

Defendant next claims the trial court erred in refusing to allow the jury to view the truck wherein the alleged sexual assault took place. The trial court denied defendant's request because the condition of the truck had changed and the terrain in the parking lot behind the courthouse differed from the cornfield where the sexual assault allegedly occurred. Neither chapter 1, article 10 of the Vermont constitution nor the sixth amendment of the federal constitution mandate the admission of all evidence. In *State* v. *Johnson,* 143 Vt. 355, 359, 465 A.2d 1366, 1368 (1983), we held that article 10 does not guarantee the admission of misleading or unduly prejudicial evidence. We also note that the Vermont Rules of Evidence were not adopted until after this case came to trial. Thus, V.R.E. 403 does not apply.

█ The admission of demonstrative evidence is within the discretion of the trial court and, in the absence of abuse, we will not overturn the trial court's decision. *Viens* v. *Lanctot,* 120 Vt. 443, 448, 144 A.2d 711, 715 (1958); *State* v. *Winters,* 102 Vt. 36, 47, 145 A. 413, 417 (1929). If a reasonable basis exists for the court's ruling we will not interfere. *State* v. *Foy,* 144 Vt. 109, 115, 475 A.2d 219, 223 (1984). The trial court clearly articulated the basis for denying the defendant's request—that a view of the truck in its changed condition and in different surroundings could be confusing or misleading. *State* v. *Fitzgerald,* 141 Vt. 369, 371, 449 A.2d 930, 931 (1982). Under the circumstances, we cannot say that the trial court abused its discretion.

Defendant further claims that the statements made by the prosecutor at closing argument and at sentencing entitle him to a new trial or resentencing. First, we address the contention that the statements made during closing argument denied defendant a fair trial.

The prosecutor's remarks were made in reference to the credibility of the State's witnesses who had been drinking and smoking marijuana during the day in question. In referring to the effect the gunfire had on the witnesses, the prosecutor remarked, "I would sure get sobered up quick. Fear has a remarkable way of sobering people up." We recently held in *State* v. *Messier,* 146 Vt. 145, 159, 499 A.2d 32, 43 (1985), that prosecutors must refrain from expressing their personal views concerning the guilt of an accused, the merits of the evidence, and the credibility of witnesses. However, at trial, defendant failed to object to the prosecutor's statements. Thus, we will not consider defendant's claim

on appeal unless the transgression constitutes plain error of constitutional proportions. *Id.* at 159, 499 A.2d at 43; *State* v. *Bailey,* 144 Vt. 86, 99, 475 A.2d 1045, 1053 (1984); V.R.Cr.P. 52(b).

■ The prosecutor's remarks were not a comment on the guilt of defendant; rather they were the prosecutor's personal opinion or belief that fear has a sobering effect on people. In determining whether a closing argument exceeds the bounds of propriety, we look to the context of the statements in relation to the entire argument. *State* v. *Bailey, supra,* 144 Vt. at 100, 475 A.2d at 1054; *State* v. *Lapham,* 135 Vt. 393, 407, 377 A.2d 249, 257 (1977). Testimony had been given by the witnesses concerning the gunfire's sobering effect. Thus, the issue was in evidence. Counsel for the defense repudiated the remark in his closing statement, and the judge cautioned the jury that statements made at closing arguments are not evidence. The improper remark did not rise to the level of plain error.

■ Defendant's final argument is that the case should be remanded for resentencing because of improper statements made by the prosecutor before the sentencing court. The comments concerned the condition of the victim and research on the physical and psychological conditions of victims in general, as well as research relating to recidivism. Again, defendant did not object to the statements at the sentencing hearing; therefore, we must employ the plain error test. V.R.Cr.P. 52(b). After carefully reviewing the transcript of the sentencing hearing, we find that the statements do not establish plain error.

*Affirmed.*

## On Motion to Reargue

**Peck, J.** In response to defendant's timely motion to reargue, we have deleted a portion of the opinion relating to accessories. The result is not affected. Motion to reargue denied.