Dilello v. Union Tools, Inc., No. S0149-02 CnC  (Norton, J., Sept. 15, 2004)

[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

STATE OF VERMONT                                  SUPERIOR COURT
Chittenden County, ss.:                          Docket No.S0149-02 CnC

DILELLO

v.

UNION TOOLS, INC.

ENTRY
(Motion in Limine)

Plaintiff seeks to exclude testimony of defendants' witness, Dennis Hartke, an employee of defendant Union Tools.  Hartke is expected to testify about experiments he performed on seven wood handles at his employer's factory in Columbus, Ohio.  Hartke has not been disclosed as an expert witness and is not allowed to give his opinion about the plaintiff's

accident or the specific wood in the spading fork.

Instead, Hartke's testimony will consist of a videotape of his handle-breaking experiments, his live testimony about his observations during the experiments, and possibly the broken handles themselves. Defendants claim that Hartke's testimony is only demonstrative evidence that will ground their expert witness Robert Meyer's testimony in concrete images and assist the jury in understanding his opinions about the plaintiff's causative theory. However, Meyer has been deposed and did not rely on, or mention, any experiments by Hartke to support his opinion.

The admission of demonstrative evidence is discretionary. State v. Brown, 147 Vt. 324, 328 (1986). Its purpose is to illustrate and clarify the testimony of witnesses or other evidence. 1 M. Graham, Handbook of Federal Evidence § 401.2, at 246 (5th ed. 2001). It is not offered as substantive or real evidence to prove a direct fact at issue. Id. There is no flat rule about it admissibility, but its admissibility—as well as its relevancy—is ultimately a function of how well it helps the jury understand other testimony without causing additional confusion or prejudice. See Brown, 147 Vt. at 328 (requiring only an articulated basis for trial court's decision to admit or deny demonstrative evidence); Graham at § 401.3.

Here, there is a problem of relevance and a potential for confusion. Hartke's experiments deal with normal wood and its terminal breaking point. This is irrelevant because plaintiff does not allege that his accident involved the same type of pressure or action. This case is about a manufacturing defect. Plaintiff is alleging that his spading fork was "brash" and that this defect, unique to his fork, caused it to fail under normal or moderate pressure. It would confuse the jury to have evidence of "non-brash" handle breaks.

To the extent that Hartke's evidence might illustrate consumer expectation for a spading fork, it proves too much. As we have previously noted, the spading fork involved was purchased 18 days prior to the incident and was only being used for the second time by plaintiff, who claims he was using it in a reasonable manner. To show the jury just how much pressure a normal spading fork will take before it breaks proves something not at issue, namely that a normal spading fork is hardy and will take a great deal of perpendicular force. The consumer expectation, here, is a simpler issue. Should a practically new spading fork fail under moderate pressure? Hartke's testimony answers this question in more detailed manner than necessary. Moreover, it does so in a pseudo-scientific manner that mimics an experiment, which the jury may take with greater authority then merited. See Graham, at § 401.10, at 276–77 ("The line between experiments designed to recreate the incident and those designed solely to illustrate a scientific principle is often difficult to draw."). In other words, Hartke's evidence is too close to expert testimony and invites a violation of V.R.C.P. 26(b)(4) by allowing undisclosed expert opinion clothed as lay opinion. Hartke's experiments risk becoming substantive evidence and receiving too much weight from the jury. They form a predicate for more testimony for Meyer, which was not disclosed before trial. The court feels that its demonstrative value, to prove an issue that is not really an issue, is not merited by its potential for confusion.

As to the final issue of whether Hartke's broken handles are admissible as demonstrative evidence solely for illustrative purposes, the court concludes that they are admissible only to the extent and for the purpose that they illustrate the disclosed scientific principles and conclusions of the deposed experts. Excluding Hartke's experiments and his testimony about them, the wooden handles may be used by the experts

to illustrate their testimony.  <u>State v. Dubois</u>, 150 Vt. 600, 602 (1988) ("[t]he motion should be used, if used at all, as a rifle and not as a shotgun . . . .").

Plaintiff's motion in limine regarding Dennis Hartke's experiments and testimony regarding these experiments is granted.

Dated at Burlington, Vermont_____, 2004.

_____
Judge