State *v.* Woodward.

---

---

STATE *v.* HARVEY H. WOODWARD.

*Indictment for a violation of the license law of* 1850. (*Comp. Stat.* 506 § 7.) *Motion in arrest, &c.*

Under the provisions of § 7 of the Comp. Stat. 506, either *selling* or *furnishing* intoxicating liquors, *without a license,* constituted a separate and distinct offence.

And where the penalty for each offence is the same, as in § 7, both offences may be charged in the same indictment, and should be charged in the *conjunctive.*

The form prescribed in § 12 of the Comp. Stat. 507, is not extended beyond prosecutions before a justice of the peace.

And where the indictment charged that the defendant "became a dealer in intox-"icating liquors without having a license therefor in force, and did sell and fur-"nish intoxicating liquors in a less quantity than *twenty* gallons" &c.; the indictment was held good, and that the averments beyond what is contained in the prescribed form, may, if necessary, be regarded as surplusage.

INDICTMENT for a breach of the license law. There were several counts in the indictment, but they were similar in all respects,

State *v.* Woodward.

except as to the time of selling, and after the formal part, were in the form following : " that Harvey H. Woodward of Royalton, in " said County of Windsor, on the first day of January, A. D. 1851, " became a dealer in intoxicating liquors at said Royalton, without " having a license therefor in force, and did then and there sell and " furnish intoxicating liquors in a less quantity than twenty gallons, " contrary to the form, force, and effect of the statute in such case " made and provided, and against the peace and dignity of the " State." Plea, not guilty, and trial by jury.

The jury returned a verdict for the State. After verdict and before judgment, the respondent filed his motion in arrest of judgment, for the insufficiency of the indictment.

The County Court, December Term, 1852,—COLLAMER, J., presiding,—overruled the motion in arrest.

Exceptions by respondent.

*J. S. Marcy* for respondent.

The indictment is predicated on sec. 7, of chap. 87 of the Comp. Stat. Each count in the indictment is double. 1. Stating a violation of sec. 7 of the law, in the form and words prescribed by the act itself, in sec. 12. This part of the count comprises all the averments necessary to entitle the government to show either of the two offences designated in sec. 7, (but not both under a single count,) and there cannot exist a doubt, that such was the intent of the legislature.

But the count goes on, and sets forth, as fully and descriptively as is necessary for an independent count, the offence last named in sec. 7, to wit, a sale of less than twenty gallons. Thus charging in each count two several offences, with different penalties. 1 Chit. Crim. Law 247, (note.) *State v. Nelson,* 8 N. H. 163. The legislature having prescribed the *form* of the indictment, it must be followed. The will of the legislature, constitutionally exercised, being supreme, supersedes legal rules at variance with it.

No part of the count can be treated as surplusage, because either part equally describes fully a distinct offence created by the act, as before shown.

*W. C. French* for State.

This mode of allegation in indictments, in analogous cases has.

XXV.        40

been too often held good to be now questioned. If the allegation had been in the *disjunctive* instead of the *conjunctive*, it might have been bad. Wheaton's Am. Crim. Law 501, 120, 135, 141, and cases cited.

If the *form* given by statute is good, this indictment must be good, as the allegations may be entirely rejected as *surplusage* if necessary. Wheaton's Am. C. L. 228.

The opinion of the court was delivered by

Bennett, J. This case comes up upon exceptions to the ruling of the County Court, upon a motion in arrest, for the insufficiency of the indictment. The seventh section of the act of 1850, (Comp. Stat. 506,) upon which this prosecution was grounded, makes it an offence to *sell,* or *furnish* intoxicating liquors, in a quantity less than twenty gallons, at any one time ; the person doing it, not having a license therefor. Suppose that we hold, that either *selling* or *furnishing without a license,* constitutes a separate and distinct offence, and this probably is a true exposition of the statute, yet the penalty is the same, and in such case both offences may be charged in the same indictment, and should be charged in the *conjunctive,* as is done in this indictment.

The rule as laid down in Wharton's Criminal Law is thus expressed, " if the statute enumerates the offences *disjunctively,* the indictment should charge them *conjunctively ;*" and this is not only the rule as established in several of our sister States, which are referred to by Mr. Wharton, but is also the rule in England. 1 Burr. 399. 1 Salkeld 342, 371.

This rule is no doubt limited, in its application to cases where the offences created in a statute are not repugnant. In the case at bar there is no repugnancy in the offences or in the penalty. In the case cited from the New Hampshire Reports, there was a *repugnancy,* in the penalty. Our courts have also decided, that you could not join in one count, the stealing of a horse, and a saddle and bridle. But such a case has no analogy to the one at bar.

It is further said in argument, that the legislature in the 12th section of the statute, have prescribed a form for the indictment, and that the statute is *imperative,* and requires that to be used, and will not allow of any other. The form is, " that defendant became

State *v.* Woodward.

a dealer in intoxicating liquors, a grocer, or innkeeper, as the case may be, without having license therefor."

We think this objection cannot avail the party. I apprehend for one, that the form prescribed in the statute is not extended beyond prosecutions before a justice of the peace. The section provides that prosecutions may be had before any justice of the peace, &c., and the indictment, information, or complaint shall be in the following form substantially. The form is then given adapted to a justice of the peace, and it requires the justice to endorse on the complaint, the day it is filed in his office. But we think if the form given was designed for the County Court, this indictment is not bad. The averment made in this indictment, beyond what is contained in the prescribed form, may, if necessary, be rejected as surplusage. The rule is, that all unnecessary averments may on trial, or on motion in arrest of judgment, be rejected as surplusage, if the indictment would be good upon striking them out. But we think, the specification of the acts of the defendant, which go to make up the offence charged, cannot vitiate the indictment. Indeed without this, the court could not see upon a general conviction, whether the penalty should be that which the statute prescribes for selling in a quantity of twenty gallons or more at one time, or that which is prescribed, where the sale is for a quantity less than twenty gallons. I take it, it is a well established principle, that every indictment should be so drawn, specifying the offence, that upon a general conviction the court may know what sentence should be passed.

The judgment of this court is, that the defendant take nothing by his exceptions.