STATE *v.* EVA SHADROUI.

October Term, 1915.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, AND TAYLOR, JJ.

Opinion filed November 15, 1915.

*Criminal Law—Information—Fatal Uncertainty—Motion in Arrest of Judgment.*

P. S. 5204 creates two separate and distinct criminal offences, requiring different evidence in their prosecution as well as in their defence, the one, without a license to sell or furnish intoxicating liquor, the other, to expose or keep intoxicating liquor with the intent to furnish or sell the same, and so a complaint consisting of one count disjunctively charging respondent with both of those offences is so uncertain as to be fatally defective.

Where it is apparent on the face of a complaint that it is fatally defective, a motion in arrest of judgment should be sustained.

COMPLAINT, filed in the city court of the city of Barre by a grand juror under P. S. 5204, charging that the respondent did at divers times sell or furnish intoxicating liquor without authority. Trial by jury, *Scott*, Judge. Verdict, guilty; and judgment and sentence thereon. The respondent excepted. The opinion states the case.

*Richard A. Hoar* for the respondent.

*Fred E. Gleason,* State's Attorney for the State.

WATSON, J.   Under the provisions of P. S. 5204, it is a criminal offence for a person without a license to furnish or sell intoxicating liquor; and it is also an offence for such a person to expose or keep intoxicating liquor with intent to furnish or sell the same.   Each of these offences is separate and distinct from the other, requiring different evidence in its prosecution as well as in defence.   The complaint filed against the respondent charges her disjunctively, in one count, with both of these offences.   The court instructed the jury to return a verdict only on the issue as to the latter, and thereon a verdict of guilty was rendered.   After verdict and before judgment, the respondent moved in arrest of judgment, one of the grounds assigned being that the two offences are charged disjunctively in one count. The motion was overruled, and an exception saved.

By section 5236 of the statutes, a form of complaint is prescribed to be substantially followed in prosecutions for selling or furnishing intoxicating liquor without authority.   This form does not include the offence of unlawfully exposing or keeping such liquor with intent to furnish or sell the same. But section 5237 provides that in informations and indictments for offences under that chapter (219) of the statutes, the description of the offence may be substantially in the same form so far as the case will admit.   This does not, however, authorize the joining of the two offences named above, alternatively, in the same count of the complaint.

Serjeant Hawkins lays it down in his Pleas of the Crown, (Vol. II. Ch. 25, Sec. 58,) that an indictment charging a man disjunctively with two distinct offences, is void; for it appears not of which of them the indictors have accused the respondent. Chitty puts it forth in his Treatise on the Criminal Law, (Vol. 1, 231,) as a general rule relative to the mode of stating the offence, that it must not be stated in the disjunctive, so as to leave it uncertain what is really intended to be relied upon as the accusation—that such mode is not sufficiently positive.   To the same effect the rule is stated in Bac. Abr. Indictment, G, 1; and in Clark's Crim. Procedure, 169.   Whether the two offences named can properly be charged in the conjunctive, in one count based upon the statute creating them, we need not consider. See *State* v. *Woodward,* 25 Vt. 616, and Bish. Stat. Crimes, Sec. 244.

The defect is apparent on the face of the record, and because of it, the complaint is insufficient to sustain the judgment. Consequently the motion in arrest should have been sustained. *State* v. *Shappy,* 79 Vt. 306, 65 Atl. 78; *Stale* v. *Gary,* 36 N. H. 359; *Commonwealth* v. *Grey,* 2 Gray, 501, 61 Am. Dec. 476.

*The judgment overruling the motion is reversed, the motion is sustained, judgment is arrested, and the respondent is discharged.*