## STATE *v.* J. LEON HUDON.

May Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON and THOMPSON, JJ., and GRAHAM, Supr. J.

Opinion filed October 7, 1930.

18

*W. E. Tracy, F. G. Fleetwood,* and *H. C. Sylvester,* attorneys for the respondent.

*Benjamin N. Hulburd,* State's attorney, for the State.

SLACK, J.  Section 6853 of the General Laws provides: "A person who wilfully and maliciously burns or causes or procures to be burned his own dwelling house or other building owned in whole or in part by himself, with intent to defraud an insurance company, shall be imprisoned in the state prison not more than ten years or fined not more than one thousand dollars"; section 7126 declares that all offenses which may be punished by death or imprisonment in the state prison shall be deemed felonies; and section 7123 provides that a person who endeavors to incite, procure, or hire another person to commit a felony, though a felony is not actually committed as a result of such inciting, hiring, or procuring, shall be imprisoned in the state prison not more than five years, etc.  The respondent stands convicted of a violation of the latter statute by endeavoring to incite, procure, and hire one Ernest Turcotte to burn a certain barn owned by Turcotte with intent to defraud the Granite Mutual Fire Insurance Company.

The respondent contends in the first place that neither the information nor the proof are sufficient to sustain the conviction, because the information does not allege that he owned in whole or in part the barn in question or that it was burned or that there was an attempt to burn it, and because the proof has no tendency to establish such facts.  These questions are properly raised in various ways but they are without merit.

The respondent manifestly misconceives the nature of the offense with which he is charged, and of which he was convicted, since his whole argument is devoted to what is necessary to constitute an attempt to commit a felony.  We agree with him respecting the essential elements of that offense.  It is a well-established rule that in order to constitute an attempt to commit a crime, whether statutory or common law, there must

be some act done in part execution of the design to commit such crime. In other words, an attempt consists not only of an intent to commit a particular crime, but such intent must be coupled with some overt act designed to carry out such intent. *State* v. *Donovan,* 5 Boyce (Del.) 40, 90 Atl. 220, and cases cited.

■ But all this is foreign to the question before us, since the respondent is not charged with an attempt to commit a felony within the meaning of the word attempt as commonly used. Of course an endeavor to incite one to commit a crime is an indirect attempt to accomplish the commission of such crime, but to constitute an endeavor within the meaning of G. L. 7123, does not require physical action. One who advises, counsels, or solicits another to commit a felony, without more, violates this statute, even though such crime is not committed, or attempted. It is held in *Commonwealth* v. *Flagg,* 135 Mass. 545, that it is an indictable offense at common law for one to counsel and solicit another to commit a felony or other aggravated offense, though the solicitation is of no effect, and the crime counseled is not in fact committed. See, too, *Commonwealth* v. *Willard,* 22 Pick. (Mass.) 476; *Rex* v. *Higgins,* 2 East, 5; *Rex.* v. *Phillips,* 6 East, 464; *State* v. *Avery,* 7 Conn. 266, 18 A. D. 105, and *State* v. *Schleifer,* 99 Conn. 432, 121 Atl. 805. The latter case is also reported in 35 A. L. R., where, at page 963, numerous cases to the same effect from the different states, England, and Canada are collected.

■ The information charges, in effect, that the respondent did wilfully, maliciously, and feloniously endeavor to incite, procure, and hire Turcotte to burn the barn on his (Turcotte's) farm with intent to defraud the Granite Mutual Fire Insurance Company, etc. This sufficiently charges a violation of G. L. 7123, to meet any objection here raised, and the evidence clearly supports the verdict.

■ Turcotte was called as a witness by the State, and after testifying to different occasions during the summer of 1928 when the respondent tried to get him to burn the barn, and that respondent finally told him that if he would give his consent that it be burned he would get one Moffett to do it, and that the respondent brought Moffett to the witness' place the following Sunday and told the witness that he had brought the man to do the work he (respondent) wanted done, he was permitted to

testify, subject to the sole objection and exception that Moffett was then dead, to what Moffett said on that occasion, in the respondent's presence, which was, in substance, that he would burn the barn if Turcotte was willing, that he didn't want to damage him, but if it would make both the respondent and Turcotte happy he would do it for twenty-five dollars. Of course the fact that Moffett was then dead did not affect the admissibility of this evidence. That objection is here abandoned, and it is now claimed that the declaration of a third person tending to show that he committed the crime for which the respondent is on trial is inadmissible. This claim is as devoid of merit as the former one since this evidence had no tendency to show any such thing. No other question respecting the admissibility of this evidence is made or considered.

■ Turcotte testified in substance, subject to exception, that he saw. Sheriff Hall sometime before the day set for that purpose and told him about the respondent's plan to burn the barn, and got some advice from Hall regarding the matter. This evidence standing alone, as it did, was manifestly harmless, and so reversible error, even though it was inadmissible, does not appear.

■■ Turcotte was asked on cross-examination: "Q. At any time, Mr. Turcotte, has Mr. Hudon in any way incited you to burn the barn on your farm?" This was excluded, and respondent excepted. This question was improper for several reasons. In the first place there was no evidence or claim that the witness was incited to burn his barn by the respondent. The evidence was that the respondent *endeavored* so to incite him, but without success. Then, too, whether what the respondent did amounted to an endeavor to incite was a question for the jury, and not for the witness, to be determined from all the evidence in the case bearing on that issue. *State* v. *Dropolski*, 100 Vt. 259, 267, 136 Atl. 835, is somewhat in point.

■ The information contained three counts. The first charged that the respondent endeavored to incite, procure, and hire one John Moffett to commit the crime of arson; the second charged that the respondent endeavored to incite, etc., John Moffett to burn the barn in question, and the third charged that the respondent endeavored to incite, etc., Ernest Turcotte to burn said barn for the purpose heretofore stated. At the close of all the evidence the State, on motion of the respondent,

elected to stand on the third count. Thereafter so far as appears, the trial proceeded as though that was the only charge embodied in the information. In his charge to the jury the presiding judge, at the outset, stated in detail the allegations contained in the third count, and thereafter confined his observations to the law and facts necessary to sustain a conviction thereunder, without any reference whatever to the other charges contained in the information. At the close of the charge counsel for the respondent stated to the court that he thought that it was the court's duty to instruct the jury that respondent could be convicted under the third count only, and to the court's failure so to do excepted. While the court might very properly have complied with counsel's suggestion, the charge as it stood could have left no doubt in the minds of the jurors as to the precise issue submitted for their consideration. This was all that respondent was entitled to. *State v. Wade,* 63 Vt. 80, 22 Atl. 12; *State v. Rivers,* 84 Vt. 154, 78 Atl. 786; *State v. Warm,* 92 Vt. 447, 105 Atl. 244, 2 A. L. R. 811.

The respondent filed a motion to set aside the verdict because it was against the weight of evidence and because there was no evidence to support it, and excepted to the court's refusal to grant the same.

This exception is disposed of by what has already been said.

*Judgment that there is no error in the proceedings and that the respondent takes nothing by his exceptions. Let execution be done.*