## State of Vermont v. Ralph Ciocca

[ 209 A.2d 507 ]

February Term, 1965

Present: **Holden, C. J., Shangraw, Barney, Smith and Keyser, J. J.**

Opinion Filed April 6, 1965

*John J. Boylan,* State's Attorney, and *Chester S. Ketcham,* Deputy Attorney General, for the State.

*Charles J. Adams* and *Samuel C. Fitzpatrick,* of counsel, for respondent.

**Shangraw, J.** This prosecution was commenced by an information issued by the State's Attorney of Chittenden County dated January 31, 1964. It charged the respondent with the commission of a crime, which for all practical purposes at this point, alleged the attempted burning of a building to defraud certain insurers, a violation of 13 V.S.A. §506.

Various pre-trial motions aimed at the sufficiency of the information and subsequent action on the part of the State's Attorney resulted in an entirely new information being presented against the respondent in the form of three counts. Following a trial and conviction on each of the three counts, the respondent filed a motion in arrest of judgment, and also a motion for a new trial. Each motion was denied and sentence imposed by the court. A mittimus was issued and the respondent has since been confined in the State Prison at Windsor, Vermont.

The information in effect at time of trial charged the respondent as follows:

Count 1 —

"That Ralph Ciocca of South Burlington in said County of Chittenden on November 10, 1963 at South Burlington in said County of Chittenden, did then and there wilfully and with intent to injure and defraud insurers to wit: The Union Mutual Insurance Co., of Montpelier, Vt., the New England Guaranty Co. Inc.,

Insurance of Montpelier, Vt., the Vermont Mutual Fire Insurance Co., of Montpelier, Vt., the New Hampshire Insurance Co., of Manchester, N.H., and the Commercial Union Insurance Co., New York, New York, wilfully, maliciously, aid, counsel and procure the attempted burning of the building known and designated as Bob's Spaghetti House located at 2026 Williston Road in the said Town of South Burlington, County of Chittenden, State of Vermont, which building at said time was the property of the said Ralph Ciocca and his wife Dorothy Ciocca, and the said building at the time was insured by said insurance companies against loss and damage by fire. All in violation of Section 506 and Section 4, Title 13, V.S.A."

Count 2 —

"That Ralph Ciocca of Burlington in the County of Chittenden, at Burlington in said County of Chittenden on to wit, the 10th day of November, 1963; Did then and there endeavor to incite and did incite and procure and hire other persons to commit a felony to wit: Arson at "Bob's Spaghetti House" in South Burlington, Vermont, located at 2026 Williston Road in said town and state, which building at said time was the property of the said Ralph Ciocca and his wife, Dorothy Ciocca. All in violation of Section 7, Title 13, V.S.A."

Count 3 —

"That Ralph L. Ciocca of Burlington in the County of Chittenden at Burlington in said County of Chittenden on to wit: the 13th day of November, 1963; Did then and there wilfully and maliciously attempt to burn and aid counsel and procure the burning of a building to wit: Bob's Spaghetti House in South Burlington, Vermont in violation of Section 505, Title 13, V.S.A."

The respondent and his wife, Dorothy Ciocca, acquired a piece of property located at 2026 Williston Road in South Burlington, Vermont, in 1957. This property consisted of a cement block stuccoed two-story structure with a restaurant on the ground floor and an apartment on the second floor. The restaurant was known at "Bob's Spaghetti House", and owned by the respondent and his wife at the time of the events which were the basis of the information issued in this case. The restaurant portion of the property was then under a lease to Robert Hedger. The respondent was operating a restaurant in Burlington, Vermont, known as Bernardini's at this time.

Some of the insurance on the Williston Road property had been cancelled September 20, 1963. There then remained only a single

interest policy in favor of the Burlington Federal Savings and Loan Association of $15,000, insuring the interest of the mortgagee. About that time the respondent went to South Hero, Vermont, where he saw an insurance agent named Fiske Fifield who arranged for additional insurance of $37,000 on the Williston Road building, and $5,000 on the personal property. Notices of cancellation of such insurance to the extent of $19,000 on the building, and $5,000 on the personal property were mailed about November 7, 1963, to become effective November 18, 1963.

On November 10, 1963 Edmund Bessery arrived as a passenger in respondent's car in Winooski, Vermont where Bessery visited with Leo Kirby at Kirby's home. According to Bessery's testimony, Ciocca told Bessery to ask Kirby to burn Bob's Spaghetti House, and to offer him $200 for doing it, because his insurance was going to run out on November 17th or 18th. There was no evidence as to the response by Kirby at that time, but subsequently he saw Lt. Lloyd Howard of the State Fire Marshall's Office and another police officer. It can be inferred that he reported the incident because Lt. Howard testified that as a result of this visit he placed a watch on the building at 2026 Williston Road commencing November 13, 1963.

The watch continued each evening until November 16th, when Lt. Howard with another officer observed two individuals approach the premises in an automobile and go up the stairs to the second floor apartment. One was first observed in a crouched position, and on being spoken to by the officers dropped a newspaper. The other person was apprehended in a third room which was entered by the investigating officers. There were two gallon jugs discovered in the rooms, one containing a fluid which smelled like kerosene or paint thinner, and the other containing a fluid which smelled like gasoline. There was an odor of gasoline in the premises.

There was evidence that one man took something with him which he removed from the back seat of the car, and that the same man who first entered the door appeared back on the steps bent over as though he was picking something off the top step and then re-entered the building. These two men were Roland Garceau and Bernard Woodmansee. Each were arrested and arraigned in the Chittenden County Court.

Bessery testified that prior to this event, and a couple of days after the visit to the Kirby home, the respondent took Bessery with him to find a person by the name of Joseph Cabrera in Winooski. Ciocca asked Cabrera how much he would charge to burn Bob's Spaghetti

House. Cabrera said it would be $500, and later while Bessery was in the Bernardini's restaurant he said he saw Ciocca give Cabrera a white envelope with $250, and a key in it. Bessery also testified that he heard Ciocca tell Cabrera to do a good job.

Following are the issues which are presented for our consideration.

(1) Does the information, and counts contained therein, sufficiently charge the respondent with offenses under the statute to support the jury verdict of guilty thereon?

(2) Is the evidence, viewed in the light most favorable to the State, sufficient to support the verdicts of guilty to each of the three counts?

(3) Was the jury adequately appraised of the scope, extent and meaning of the several counts contained in the information through the charge as given?

By the respondent's motion in arrest of judgment, which was denied by the court, he therein challenged the legal sufficiency of each count of the information. It is claimed that the information, as to each count, is improper in substance and charges him with no offense under the law of this State.

█ With the foregoing in mind, we start off with the general statement that one charged with a crime has the right guaranteed by the Constitution to demand the cause and nature of his accusation, which requires that the charge be set forth with such particularity as will reasonably indicate the exact offense with which he is charged. *State* v. *Ryea*, 97 Vt. 219, 221, 122 Atl. 422, citing *State* v. *Villa*, 92 Vt. 121, 102 Atl. 935.

Count 1 is founded on two sections of 13 V.S.A. which in part read:

"506. *Burning to defraud insurer.*

A person who wilfully and with intent to injure or defraud the insurer sets fire to or burns or attempts so to do or who wilfully and maliciously causes to be burned or who wilfully and maliciously aids, counsels or procures the burning of any building, structure or personal property, of whatsoever class or character, whether the property of himself or of another, which shall at the time be insured by any person, company or corporation against loss or damage by fire. . . ."

"4. *Accessory before the fact.*

A person who is accessory before the fact by counseling, hiring

or otherwise procuring an offense to be committed may be. complained of, informed against or indicted, tried, convicted and punished as if he were a principal offender. . . ."

Count 1 charges the respondent with wilfully intending to defraud certain insurance companies, in that he did "wilfully, maliciously, aid, counsel and procure the attempted burning of the building. . . ." in violation of section 506 supra, and related section 4, supra.

Respondent urges that for a person to be guilty under section 506, supra, there must be the procurement of an actual burning — and that the procurement of an attempted burning does not constitute an offense under this section. The respondent admits in his brief that if he, himself, had attempted to carry out the burning, but failed, that he would be within the scope of this section. It is claimed by him that aiding, counseling and procuring the attempt to burn does not constitute a violation of section 506, supra, and that Count 1 is defective.

■ The accessory statute, section 4, supra, makes it a crime to counsel, hire or otherwise procure an offense to be committed. The alleged offense was attempted arson under section 506, supra. It would hardly seem a fair interpretation of these two statutes to assume that the officers were required to stand aside to let the fire commence before respondent could be found guilty of attempting to defraud the insurance companies.

Moreover, 13 V.S.A. §§502, 503, 504, and 505 define first, second, third, and fourth degree arson. A related statute, 13 V.S.A. §509 is definitive of the word "attempt" as applied to crimes of arson. This section provides:

"§509 *Attempts*.

The placing or distributing of any inflammable, explosive or combustible material or substance, or any device, in any building or property mentioned in sections 502 - 505 of this title in any arrangement or preparation with intent wilfully and maliciously to set fire to or burn the same, or to procure the setting fire to or burning of the same shall, for the purposes of this chapter, constitute an attempt to burn such building or property."

We hold that Count 1 sufficiently charges the respondent with procuring others to attempt to burn a building in violation of 13 V.S.A. §§4 and 506.

Count 2 charges the respondent with a violation of 13 V.S.A. §7. This statute in part reads:

"7. *Inciting to felony.*

A person who endeavors to incite, procure or hire another person to commit a felony, though a felony is not actually committed as a result of such inciting, hiring or procuring, shall be imprisoned. . . ."

The respondent urges that count two is fatally defective for the following reasons: (1) the count is repugnant and inconsistent within itself to such a degree and manner that the defendant could not adequately defend himself; (2) that the count does not allege with sufficient particularity the offense of which he is accused in that the other persons are not named and he is therefore unable to adequately prepare a defense; (3) that the count does not allege with sufficient particularity the offense of which the respondent was convicted and such lack means that the judgment cannot be used as a plea in bar by him in a later action.

Count 2 states that the respondent "did then and there endeavor to incite and did incite and procure and hire other persons to commit a felony to wit: Arson at 'Bob's Spaghetti House' in South Burlington, Vermont." This statute, section 7 supra, was construed in the case of *State v. Hudon,* 103 Vt. 17, 151 Atl. 562. At page 20 of the opinion we find this language: "Of course an endeavor to incite one to commit a crime is an indircert attempt to accomplish the commission of such crime, but to constitute an endeavor within the meaning of G.L. 7123, does not require physical action. One who advises, counsels, or solicits another to commit a felony, without more, violates this statute, even though such crime is not committed, or attempted."

Respondent urges that if a person attempts to incite, that is, he tries but fails, then he could be found guilty under the statute, whereas if he actually does incite the person to commit a felony then he is not chargeable under the precise wording of the statute. This is a strained interpretation of the statute, section 7, supra. We believe that the legislature clearly intended to make an endeavor punishable under this statute, whether such endeavor was successful or not. If the legislative intent was only to punish for unsuccessful endeavors, there would have been no need to state in the statute the language "though a felony is not actually committed as a result of such inciting".

Respondent's second objection to Count 2 is the failure therein to name the person or persons whom he endeavored to incite or did incite and procure and hire to commit the crime of arson. The information merely refers to "other persons". On this basis he urges that this count

is fatally defective, in that it fails to meet the standard required by Chapter 1, Article 10 of the Vermont Constitution.

This article of the State Constitution provides that "in all prosecutions for criminal offenses a person hath a right to demand the cause and nature of his accusation." In referring to this provision this Court, in the case of *State* v. *Margie,* 119 Vt. 137, 141, 120 A.2d 807, 810, made this statement: "Such information must be found in the complaint or other form of accusation to which he is called upon to plead, unaided by extrinsic facts. All that is required is that the charge be set forth with such particularity as will reasonably indicate the exact offense the accused is charged with, and will enable him to make intelligent preparation for his defense, and if the trial goes against him, to plead his conviction in a subsequent prosecution for the same offense." *State* v. *Cliffside, Inc.,* 120 Vt. 265, 266, 138 A.2d 310; *State* v. *Parker,* 123 Vt. 369, 371, 189 A.2d 540.

The respondent is charged with doing an act with others. Here, Leo Kirby, Edmund Bessery, Joseph Cabrera, Roland Garceau and Bernard Woodmansee, were all involved, in one capacity or another, in the incident in question. In the case of *State* v. *Higgins,* 53 Vt. 191 the respondent was charged with violating a statute which prohibited the selling of intoxicating liquors as agent for any other person or firm, traveling from place to place, etc., The complaint charged the taking of "Orders from divers persons for other persons and firms for intoxicating liquor, said other persons not, then and there, being lawfully authorized and appointed agent in this State. . . ." In holding that the complaint was defective, the court at page 197 of the opinion, made this observation. "The respondent is charged with doing an act which he could not do except by dealing with, and for, others. Therefore, to omit the names of such others in the complaint would abridge the respondent's ability to meet the charge. The reason is as strong for requiring the names of the third persons to be given in a complaint of this kind as for giving the name of the owner of property stolen in an indictment for larceny."

By reason of the failure in Count 2 to state the name or names of the person or persons whom respondent endeavored to incite, etc., respondent also claims that this deficiency precludes him from successfully pleading a conviction on this count, if subsequently prosecuted for the same offense. We find it significant that in the case of *State* v. *Hudon,* 103 Vt. 17, 151 Atl. 562, this deficiency was not present.

We hold that the failure to set forth the name or names in the

complaint of the person or persons whom respondent endeavored to incite and procure and hire, does not meet the constitutional requirements of a criminal information or complaint. Count 2 is fatally defective.

Count 3 charges the respondent with a violation of 13 V.S.A. §505, which in part reads:

"505. *Fourth degree arson.*

A person who wilfully and maliciously attempts to set fire to or wilfully and maliciously attempts to burn or to aid, counsel or procure the burning of any of the buildings or property mentioned in sections 502 - 504 of this title, or who wilfully and maliciously commits any act preliminary thereto, or in furtherance thereof, shall be guilty. . . ."

Respondent claims that Count 3 is fatally defective because the count reads ". . . wilfully and maliciously attempt to burn, and aid, counsel and procure the burning. . ." whereas the statute reads — ". . . wilfully and maliciously attempts to burn, or to aid, counsel or procure the burning. . . ."

█-█ It is not uncommon for a statute to denounce as an offense two or more separate and distinct acts, things, or transactions enumerated therein in the disjunctive, and it appears to be the general rule that in such case the whole may be charged conjunctively and a respondent found guilty of either one. Wharton's Criminal Law, Vol. 4, §1798, pp. 630 - 631. The rule as laid down in Wharton's Criminal Law, supra, is thus expressed, "if the statute enumerates the offenses disjunctively, the indictment should charge them conjunctively." This is the view expressed in *State* v. *Woodward,* 25 Vt. 616, 618. An indictment which reads in the disjunctive is fatally defective. *State* v. *Shadroui,* 89 Vt. 520, 521, 96 Atl. 8. Respondent's claim is not sustained.

At the conclusion of the State's case, and again at the close of the respondent's evidence, the respondent moved for a directed verdict on each of the three counts on the grounds that verdicts of guilty would be against the evidence, contrary to the evidence, and that there was no evidence to support such verdicts. He later moved that the verdicts be set aside and a new trial ordered on the grounds that they were against good conscience and contrary to the law pertaining to all aspects thereof.

█ In passing on these motions the trial court was required to consider the evidence in its aspect most favorable to the State. *State* v.

*Goyet,* 120 Vt. 12, 75, 132 A.2d 623; *State* v. *Pierce,* 103 Vt. 383, 387, 154 Atl. 675; *State* v. *Perras,* 117 Vt. 163, 167, 86 A.2d 544. The test is whether the state introduced evidence fairly and reasonably tending to show the respondent's guilt, or in other words, whether the jury on the evidence was justified in finding the respondent guilty beyond a reasonable doubt *State* v. *Goyet,* supra, at p. 75; *State* v. *Perras,* supra, at p. 167.

In his reference to Count 1, respondent contends that there was no evidence of any burning, or of any fire, or any application of fire to the premises in question, and by reason thereof the conviction on this count was error. It is claimed by him that the wording of section 506, supra, creates an offense only with respect to acts leading up to the burning of certain property, and not up to an attempted burning.

In evaluating the evidence against 13 V.S.A. §4, it is urged that it is lacking, because in order for the respondent to be an accessory before the fact, there must have been the "procuring of an offense" under section 506, supra, as the information is framed. He claims that section 4, supra, cannot be construed to charge the respondent with being an accessory before the fact of any offense, except one committed under section 506, supra. Because there was no burning, no procuring an offense to be committed, it is respondent's view that there is no evidence upon which a conviction under section 4, supra, can be supported.

Under section 506, supra, it is a crime to burn, and also a crime to attempt to burn any building with intent to injure an insurer. Here, the respondent actually employed others to burn the premises in question. The fact that those employed did not accomplish this purpose does not relieve the respondent of his guilt as an accessory before the fact to attempted arson. See *State* v. *Taylor,* 47 Ore. 455, 84 Pac. 82. In the case of *State* v. *Hayes,* 78 Mo. 307, it was held that solicitation in itself is an act toward the commission of a crime.

There was ample evidence upon which the jury could have found that Woodmansee and Garceau attempted to burn the restaurant. The offense which was committed was attempted arson within the provisions of section 506, supra, and thus respondent became an accessory before the fact under section 4, supra. There is sufficient evidence to support the verdict on Count 1.

The respondent claims that there is a lack of evidentiary support to sustain a conviction on Count 2. While our final disposition of this count makes unnecessary a review of this issue, we take occasion to

make the following comments in view of its relationship with the other two counts.

▮ It is not necessary to demonstrate that arson was actually committed in order to sustain a conviction for endeavoring to incite and procure and hire other persons to commit a felony, a violation of 13 V.S.A. §7. The violation takes place in the procuring or hiring of another to commit a felony. In the case of *State* v. *Hudon*, 103 Vt. 17, 20, 151 Atl. 562, this Court, in its interpretation of this statute held: "One who advises, counsels, or solicits another to commit a felony, without more, violates this statute, even though such crime is not committed, or attempted." See 22 C.J.S. Criminal Law, §78, pp. 236 - 7.

▮ We now dispose of the motions aimed at Count 3. Respondent contends that there is no evidence that he, himself, at Burlington on November 13, 1963, either attempted to burn the restaurant located in South Burlington, or aided, counseled or procured the burning of that place. Actual presence of the respondent at the restaurant on November 16, 1963 was not necessary to constitute a violation of 13 V.S.A. §505.

▮ Woodmansee and Garceau had committed overt acts, among which, the placing of inflammable material in the building, preparatory to and designed to set fire to the restaurant, when confronted by the officers. Section 505, supra, is designed to punish mere attempt to commit arson, though not in fact committed. Here, there was design, and preparation to this end. The respondent counseled parties to accomplish a destruction of the property by fire. As stated in Wharton's Criminal Law, Vol. 1, §81, at page 169, "If, however, the person solicited does any act which makes him guilty of an attempt to commit the crime solicited, the person soliciting is also liable for the attempt." This conforms to our interpretation of section 505, supra. The conviction on Count 3 is well supported by the evidence.

The respondent complains of the court's charge. In substance, he urges that the court erred in charging in the words of the statute, rather than in the words of the information. He complains that no clear picture was given the jury with respect to where, when or how the respondent had allegedly come in conflict with the several statutes.

It is elementary and fundamental that it is the duty of the court to conduct a trial with the utmost impartialiy and fairness. A charge should be full, fair, and correct on all issues, theories, and claims within

the pleadings, so far as the evidence requires. *Morse* v. *Ward,* 102 Vt. 433, 436, 150 Atl. 132. While the court is bound, without request, to charge upon the substantial issues in a case, it is not bound to make every conceivable comment upon the evidence and the weight of it. *State* v. *Brisson,* 119 Vt. 48, 53, 117 A.2d 255.

In commenting on Count 1, the court referred thereto as an attempt to defraud various insurance companies by attempting to get a building burned. The court then continued by following closely the language of the statute, section 506, supra. Reference was made to the claim of the State that respondent is alleged to be an accessory before the fact under section 4, supra. This statute was then quoted. The court then elaborated on the elements essential for a conviction under this count.

The court referred to, and quoted 13 V.S.A. §7, upon which Count 2 was laid. Then followed this comment, "Now, the key words here would be 'a person who endeavors', and 'endeavor' means to try. He endeavors to incite, procure, or hire — any one of those three — incite, procure or hire another person to commit a felony, and I charge you that arson is a felony, and 'arson' is the burning of a building, or the attempted burning of a building, wilfully and maliciously."

In its reference to Count 3, the trial court then quoted the pertinent provisions of 13 V.S.A. §505, under which statute this count is laid.

We have reviewed the charge very carefully and are satisfied that the instructions, taken as a whole, did not bring into the case issues which were not contained in the information; further, that the issues presented for consideration by the jury were adequately explained. It has not been demonstrated that the jury was misled or confused as to the issues which were for their consideration. No additional instructions were requested by the jury. Following instructions the jury retired at 2:33 P.M. and returned at 4:00 P.M. A charge it not to be considered piecemeal, but as a whole. *State* v. *Severance,* 120 Vt. 268, 275, 138 A.2d 425. Respondent gains nothing by his assignments of error relating to the court's instructions.

Following the verdicts, respondent's motion in arrest of judgment and motion for a new trial were denied and judgment entered on the verdicts. The court then imposed the following sentences, to be served concurrently by the respondent in the State Prison at Windsor, Vermont — Count 1, not less than four years and ten months nor more than five years; on Count 2, not less than one year nor more than two years; and on Count 3, not less than one year nor more than five years.

Count 3 of the information charged the respondent with a violation of 13 V.S.A. §505. This statute provides for confinement in the State Prison for "not more than two years nor less than one year or fined not more than $500.00." The maximum sentence of five years imposed by the court was improper, and the cause must be remanded for a suitable sentence on Count 3.

*Judgment affirmed as to Count 1. The judgment overruling the motion to arrest the judgment as to Count 2 is reversed, the motion is sustained, and judgment is arrested on this count. Conviction on Count 3 is sustained. The sentence on this count is vacated and the cause is remanded for resentence on this count.*