## State of Vermont v. Michael C. Bassett

[266 A.2d 438]

No. 206

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed June 2, 1970

*Robert A. Gensburg,* State's Attorney, for the State.

*Ernest E. Goodrich,* St. Johnsbury, for Defendant.

**Smith, J.** As a result of trial by jury, the defendant, Michael C. Bassett, was convicted of the offense of driving while under the influence of intoxicating liquor. It is from this verdict and the resultant judgment that the defendant has taken his appeal here.

At the close of state's evidence below the defendant moved for a verdict to be directed in his favor, on twelve separate grounds, which were denied. After verdict, but before judgment, defendant moved to set the verdict aside on the same grounds stated in his previous motion which was also denied. Before considering the other various questions briefed here by the defendant, we will first consider the principal ground advanced by the defendant which was as to the admissibility of the results of the alcoholic content of blood taken from the arm of the defendant under the provisions of 23 V.S.A. Sec. 1188.

The defendant in this case was eighteen years of age at the time of the accident in which he was involved in the Town of Hardwick on December 24, 1966. After being taken to a nearby hospital as a result of injuries received in such accident, the defendant was requested to submit to one of the tests provided for in 23 V.S.A. Sections 1190 and 1194, by Chief of Police Messier of Hardwick. The defendant refused to give his consent to any such chemical test to determine the alcoholic content of his blood until he had an opportunity to confer with his father. Such opportunity was allowed the defendant. After such consultation, the father stated to the authorities present that the defendant would submit to the taking of a blood sample from his arm. It was the testimony of the Chief of Police that upon re-entering the hospital room the defendant also stated his assent to the taking of the blood sample, and offered no objection when the doctor present took such sample from his arm, although the defendant, who took the stand in his own behalf, denied that he ever gave such permission.

The Legislature, in 23 V.S.A. Sec. 1188, enacted the following section:

> "Any person who operates or attempts to operate a motor vehicle upon a public highway in this state is deemed to have given his consent to submit to a chemical test of his blood or such other test as herein provided for the purpose of determining the alcoholic content of his blood whenever he is arrested or otherwise taken into custody for any offense involving his operation of a motor vehicle under the influence of intoxicating liquor or drugs,

and the arresting officer has reasonable grounds to believe that the person was operating the motor vehicle under the influence of intoxicating liquor or drugs."

■ This defendant was not under arrest at the time that he was requested to take a chemical test to determine the alcoholic content of his blood. The record before us shows that the defendant was not arrested or taken into custody as a result of this incident in which he was involved until two weeks after the happening of the incident, as well as the taking of the blood test. However, no objection was made at the trial to the admission of the blood test on the ground that there was a lack of arrest or custody at the time the blood test was taken. Viewing the evidence in the light most favorable to the prevailing party, the State, as we must, the defendant consented to have such test taken.

". . . (W)here, as here, the respondent consents to the testing of her blood without arrest, the statutory requirements speaking of 'arrest or otherwise taken into custody' lost their binding significance. A respondent cannot have it both ways by consenting to the taking of a blood test to avoid the license suspension provision of 23 V.S.A. Sec. 1191 and yet have the admission of that very test barred because the State failed to carry out the arrest provisions which consent made superfluous. The statute is looking in the direction of a lack of actual consent, as is suggested by the reference to implied consent . . . ." *State* v. *Auger,* 124 Vt. 50, 55, 196 A.2d 562.

Since there was substantial evidence that the respondent gave his consent to the test, its results were properly received.

The defendant has also briefed his exception to the admitted failure of Chief of Police Messier to inform him of his constitutional rights, including the right to counsel, citing to us various opinions of the United States Supreme Court, including *Gideon* v. *Wainwright,* 372 U.S. 335, 343, 83 S.Ct. 792, 9 L.Ed.2d 799, and *Miranda* v. *Arizona,* 385 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

■ Nothing in the record before us shows that the defendant was ever questioned by law enforcement officers regarding the incident in question before trial. We must con-

clude that such objection by the defendant on constitutional grounds applies to the taking of the blood test. But in *Schmerber* v. *California*, 384 U.S. 757, 86 S.Ct. 1826, 16 L.Ed. 908, the Supreme Court held that the withdrawal of blood from an accused at a police officer's request, despite the respondent's refusal to consent thereto, does not violate his Fifth Amendment privileges against self-incrimination. The warnings called for in *Miranda* do not apply to blood tests. Defendant takes nothing by this exception.

That portion of the charge to the jury to which exception was taken is as follows:

> "That you must find as a fact proven beyond a reasonable doubt that consent as above outlined be given by either the father or the son, and by this I am ruling if you find that the father did give his consent to the taking of the blood test, that whether or not the son actually consented, you could still find that consent was given for the taking of the test."

■ Such charge was in error, although whether such error was prejudicial to the defendant we must also determine. The Legislature, in 23 V.S.A. Sec. 1188, *supra,* made this section applicable to "any person who operates or attempts to operate a motor vehicle" with no exception provided in the section as to the age of the person, or the type of license that he may hold, or even if he might be operating such motor vehicle without a driving license. Operation of the vehicle, or its attempted operation, upon the public highway is enough, under the statute, to imply that the operator has given his consent to the blood and other tests which are provided by statute for determining the alcoholic content of his blood.

■ We agree with the contention of the defendant that under 23 V.S.A. Sec. 1188, *supra,* it was the consent of the defendant, himself, that was needed to allow the tests to be taken. Such consent could not be given by any other person. The lower court was in error in the instruction excepted to, not only because of the instruction regarding the consent of the father of the defendant, but also in instructing the jury that it was within their province to decide whether or not consent had been given by the defendant.

The fact that such evidence was admitted into the case shows that it had been found to be admissible by the trial court. By erroneously submitting to the jury the determination of admissibility of evidence, already judicially determined, the error of the lower court was one for the benefit of the defendant, and not for the State. For it was the defendant who would have benefited if the jury had found the test non-admissible, under the court's erroneous instructions. It is not demonstrated here that the defendant was harmed or prejudiced by the ruling of the court which is necessary to produce a reversal.

The defendant has also excepted, generally, on the ground that the verdict was unsupported by competent evidence which would enable a jury to find beyond a reasonable doubt that the defendant was guilty of the crime of driving a motor vehicle under the influence of intoxicating liquor.

The jury could have reasonably found from the evidence before it that the defendant admitted having several cans of beer prior to the time of the accident, and that the first officer at the scene of the accident noticed a strong odor of alcohol in the car. The blood sample taken from the defendant had an alcohol content of .18%, and Dr. Richard Woodruff, a qualified expert, testified that at the time of the accident the blood alcohol level of the defendant would have been between .15% and .20%.

There was sufficient evidence in the case to justify the verdict of the jury and the defendant takes nothing by reason of his various exceptions. The motions by the defendant for a verdict directed in his favor at the close of the evidence of the State, as well as his motion to set aside the verdict after its delivery, and before judgment, presented the same test to the trial court. The question presented to the court was whether the State introduced evidence fairly and reasonably tending to show the defendant's guilt, "or, in other words, whether the jury on the evidence would have been justified in finding the respondent guilty beyond a reasonable doubt." *State* v. *Ballou,* 127 Vt. 1, 3, 238 A.2d 658; *State* v. *Boudreau,* 111 Vt. 351, 16 A.2d 262.

No error is found in the denial by the trial court of both motions.

*Judgment affirmed.*