## State of Vermont v. Charles M. Jackman

[274 A.2d 511]

No. 25-70

Present: Holden, C.J., Barney, Smith, Keyser, JJ. and Hill, Supr. J.

Opinion Filed February 2, 1971

*Patrick J. Leahy,* State's Attorney, for the State.

*Peter Forbes Langrock,* Middlebury, for Defendant.

**Smith, J.** The defendant was charged with the offense of driving while intoxicated as the result of an accident occurring in the City of Burlington, on September 19, 1969. By consent of the respondent, the case against him was heard by the Vermont District Court, Chittenden Circuit, Unit 2, by the judge of said court, under an agreed statement of facts. The lower court found the facts in the case to be as set forth in such stipulation of facts, and adjudged the defendant was guilty of the offense charged.

The defendant has taken his appeal here from the findings and order of the court below. The issues he seeks to present here are (1) "Is consent to a blood test of an alleged intoxicated driver nullified if the police officer investigating does not inform the driver in an unambiguous manner that the driver has a right not to take any chemical test and is otherwise ambiguous and erroneous?" The second question presented is, "Is a blood test taken from the respondent without physical force of legal effect if said blood test was obtained through duress and misrepresentation by the state?" But the essential question is whether the blood test, taken in the light of the stipulated facts, was admissible against the defendant.

The agreed stipulation of facts, which were adopted by the lower court in its findings of fact in the case, state that the respondent was involved in an accident, and that such accident was investigated by an Officer Delaney. It is further agreed, and found, that the officer had reasonable grounds to allow him to conclude that the respondent was under the influence of intoxicating liquor. The officer advised the respondent of the Implied Consent Law in the following terms:

"1. You have the right to remain silent and you may refuse to answer any questions asked of you.

2. Anything you say may be used against you in a court of law.

3. You have the right to talk with a lawyer and have him present while you are being questioned.

4. If you cannot afford to hire a lawyer, one will be appointed for you before any questioning, if you so desire.

When you operate a motor vehicle upon a public highway in this state, you are deemed to have given your consent to a chemical test of your blood, or at your option, a urine or blood test for the purpose of determining the alcoholic content of your blood. The blood test will be administered by a physician. The urine or breath test will be administered only by a physician or a State Police Officer. In each test a sample will be available for you if you wish it for independent analysis and you may have your own doctor conduct additional or similar tests if you desire and he is readily available.

If you refuse the tests offered they will not be given. Since you may be charged with DWI, you may have to enter a plea to this charge in court. If you have refused and plead not guilty the court may immediately hold a hearing. Upon a determination that I have sufficient reason to believe that you were operating the car under the influence of intoxicating liquor or drugs and that you unreasonably refused to submit to a test, your license will be immediately suspended six months in addition to any penalties or sentence imposed if you are found guilty of the offense of which you may be charged."

The respondent consented to take a blood test after stating that he wished to ask no questions upon what had been said to him. At no time was the respondent put under arrest.

The facts agreed and found state that a blood test was taken in a prudent manner at the Mary Fletcher Hospital and produced an accurate result of 0.22% by weight of alcohol. Also agreed, and found, is that any person having a blood test of 0.22% by weight, under the conditions existing when the respondent took such test, has a blood alcohol level in excess of 0.10% by weight and is under the influence of intoxicating liquor.

194

■ Since the facts in this case are by agreement of parties, none but necessary inferences therefrom can be drawn or considered. *Town of Hardwick* v. *Town of Barnard*, 102 Vt. 330, 332, 148 A. 408 (1930). The issue presented to the lower court was a case stated, so that the court had nothing to do but pronounce the law arising out of the material facts agreed upon. 89 C.J.S. *Trial* § 578, at 355–66.

It is the respondent's contention that his consent to take the test was not real for the reason that he was never told that he had a legal right to refuse any or all of the tests proposed by Officer Delaney and that the erroneous explanation of the law, given by the officer, violated the consent given.

■ The lower court had before it the agreed fact that the officer informed the respondent that "if you refuse the tests they will not be given." Also, the facts disclose that the respondent was not under arrest, and that he consented to the taking of the test. The agreed facts do not disclose that the information given to the respondent by the officer was ambiguous or erroneous. Nor, contrary to the assertion of the respondent, do the agreed facts in the instant case disclose that the test result was obtained as a result of duress or misrepresentation on the part of the officer.

> ". . . where, as here, the respondent consents to the testing of her blood without arrest, the statutory requirements speaking of 'arrest or otherwise taken into custody' lost their binding significance. A respondent cannot have it both ways by consenting to the taking of the blood test to avoid the license suspension provision of 23 V.S.A. § 1191, and yet have the admission of that very test barred because the State failed to carry out the arrest provisions which consent made superfluous. The statute is looking in the direction of a lack of actual consent, as is suggested by its reference to implied consent." *State* v. *Bassett*, 128 Vt. 453, 266 A.2d 438, 440 (1970) ; *State* v. *Auger*, 124 Vt. 50, 55, 196 A.2d 562 (1963).

The findings of fact, which were agreed to by the respondent, fail to show fraud, misrepresentation or incorrect statements were made to the respondent by the police officer to induce his consent to submitting to a test. Here there was no

issue of actual consent, as in *State* v. *Ball,* 123 Vt. 26, 179 A.2d 466 (1962), for the agreed stipulation, and the findings of fact based thereon, clearly show that the respondent consented to the taking of the blood test while not under arrest.

This Court cannot supply a finding that the respondent was coerced into taking the blood test, for this was a finding of fact to be made by the lower court and not here. If, as the respondent suggests, there were any mistakes in the law as given by the officer to the respondent, there is nothing in the agreed facts to indicate that if such mistake were made that it influenced the respondent one way or another in giving his consent to the test, nor did the lower court so find.

We find no error in the disposition of the case made by the lower court which had to be based only upon the agreed facts presented to it. The questions attempted to be raised by the respondent here were not raised in the court below, nor were they presented in the agreed statement of facts presented to that court for determination.

*Judgment affirmed.*