**State of Vermont v. Michael L. Johnson**

[465 A.2d 1366]

No. 82-188

Present: Billings, C.J., Hill, Underwood, Peck and Gibson, JJ.

Opinion Filed September 6, 1983

Motion for Reargument Denied October 13, 1983

*John J. Easton, Jr.*, Attorney General, and *Susan R. Harritt*, Assistant Attorney General, Montpelier, for Plaintiff-Appellee.

*William J. Donahue*, White River Junction, for Defendant-Appellant.

**Peck, J.** Defendant, a resident of New Hampshire, appeals from a judgment of the District Court of Vermont, Unit No. 5, Orange Circuit, convicting him after jury trial of operating a motor vehicle while under the influence of intoxicating liquor [DUI]. 23 V.S.A. § 1201(a)(2). Defendant filed a timely appeal; we affirm.

Defendant presented four issues for our consideration: (1) that although he successfully moved to have the results of the breath test suppressed, the court erred in not allowing him to introduce evidence of the fact that he voluntarily took the test; (2) that the court erred in not allowing the admission of evidence of the failure of the arresting officer to advise him that arrangements for an independent blood test would be made for him if he requested such a test; (3) that the court erred by editing a tape recording of the arrest, although defense counsel did not object to the editing; and (4) that the court erred in not charging the jury that defendant was free to leave the presence of the officers until he was placed under arrest. We disagree with defendant's contentions.

At approximately 1:00 a.m. on September 5, 1981, defendant was driving his car in Bradford, Vermont. He turned into the driveway of a bank, and struck an eight-inch curb. Three on-duty police officers were parked in the driveway, and witnessed the incident. The officers stopped defendant and administered roadside sobriety tests, during which defendant's behavior was described as uncooperative. After several tests defendant asked the officers if he was under arrest. He was told that he was not, whereupon he said "well then," and tried to walk away. The officers brought him back to the cruiser, handcuffed him, and placed him under arrest. One of the officers turned on a portable tape recorder in an attempt to make a record of the proceedings.

Defendant was taken to the police station and processed for DUI. He was given the *Miranda* warnings, and was asked if he wished to consult with counsel before deciding whether to submit to a breath test. He answered in the affirmative and gave the officer the name of an attorney known to him who lived in New Hampshire. The processing officer placed a phone call to the attorney and defendant spoke with him.

Apparently the New Hampshire attorney declined to advise defendant, but told him he would contact a Vermont attorney

on his behalf. He did so, and the Vermont attorney subsequently arrived at the police station. However, in the interval, the thirty minutes had elapsed which is the maximum time allowed a suspect by statute to decide if he will submit to the test. 23 V.S.A. § 1202(c); cf. *Stockwell* v. *District Court*, 143 Vt. 45, 460 A.2d 466 (1983) (holds, inter alia, that 30 minutes is a maximum "reasonable time," not a minimum). The police declined to wait for the attorney and insisted that defendant make his decision. Defendant did so and submitted to a breath test.

Section 1202(c) limits a testing decision expressly to a "reasonable time, but *no later* than thirty minutes from the time of the *initial attempt* to contact the attorney . . . ." (Emphasis added.) Nevertheless, the court granted defendant's motion to suppress all evidence relating to the test on the grounds that he had been denied the effective assistance of counsel. The correctness of this ruling in the light of § 1202(c) is not before us for purposes of this appeal. Accordingly, we have no occasion to examine the question except to take notice that defendant's motion was granted, and the testing evidence suppressed.

Defendant claims that he should have been permitted to introduce evidence that he voluntarily submitted to a breath test even though he prevailed on his motion to suppress its results. He argues that his willingness to take the test is relevant evidence of his belief that he was unimpaired at the time of operation, and that both the law of evidence and Chapter I, Article 10 of the Vermont Constitution gave him the right to introduce this evidence.

██ However, even if evidence is relevant, still it is not admissible if its probative value is outweighed by the possibility of its misleading the jury. *State* v. *Bevins*, 140 Vt. 415, 419, 439 A.2d 271, 272 (1981). If jurors are aware that a test was administered but are not told its outcome, it is likely that they will wonder about and speculate as to the results. We have held the possibility of such speculation sufficient to render inadmissible an implied consent form which indicates that an independent blood sample was held for a defendant's independent analysis. *State* v. *Raymond*, 139 Vt. 464, 467, 431 A.2d 453, 455 (1981). Likewise, the possibility of speculation as to

the suppressed results of the breath test is sufficient to render the admissibility of the fact that the test was taken a matter of the trial court's discretion.

■ Defendant's argument that Chapter I, Article 10 of the Vermont Constitution gives him an independent right, totally divorced from any rules of evidence, to introduce the fact that the test was administered, is unfounded. This provision of the Constitution reads in part: "That in all prosecutions for criminal offenses, a person hath a right . . . to call for evidence in his favor . . . ." However, the "evidence in his favor" must be otherwise admissible under the law of evidence; the Constitution does not guarantee the admission of unduly prejudicial or misleading evidence.

Defendant contends next that the exclusion of evidence relating to the breath test prevented him from establishing that his right to an independent blood test, authorized by 23 V.S.A. § 1202(c), was violated. The violation claimed was an alleged failure of the police to advise him that, since he was being detained, arrangements for the independent test would be made for him, as required by § 1202(c).

■ Assuming the advice was in fact not given, it does not aid the defendant. The right to an independent blood test under the statute is contingent upon and follows submission to the original request by police to take an evidentiary breath test. An examination of § 1202(c) convinces us that one of the primary purposes of the right is to protect a defendant against possible error involved in testing or in the results of the test made by the authorities. Thus, a person who refuses to submit to the evidentiary test is not entitled to an independent test.

■ The situation here is analogous. Suppression of all evidence of the breath test, which was, as noted above, ordered by the trial court on defendant's own motion, placed him, by his own choice, in a comparable situation. There was nothing to protect him against. Even if the failure to advise defendant fully constituted a violation of his rights ab initio, a question we need not decide here, he himself cured any possible prejudice, regardless of his objective, when his motion to suppress was granted.

■ Next, defendant argues that it was error for the trial court to edit the tape recording of the arrest, but rather that the entire tape should have been played to the jury. This claim is being raised for the first time on appeal. At trial, defense counsel expressed a preference for an edited tape and even participated in discussions of which portions of the tape should be edited out. Errors not raised below may not be heard for the first time on appeal, and are deemed waived. *English* v. *Myers*, 142 Vt. 144, 148, 454 A.2d 251, 253 (1982).

■ Finally, defendant argues that the court erred in not instructing the jury that defendant was free to leave the presence of the officers until he was placed under arrest. The ultimate arrest itself is not an issue before us; the right of the defendant to leave the scene prior to the arrest, balanced against the temporary investigatory detention rights of the police, *State* v. *Carmody*, 140 Vt. 631, 635–36, 442 A.2d 1292, 1294 (1982), are issues wholly collateral to the elements of the offense involved here. A charge need only "define essential issues of fact and instruct on the law applicable to such issues . . . ." *State* v. *Audette*, 128 Vt. 374, 378, 264 A.2d 786, 789 (1970). It is not essential that reference be made to every piece of evidence admitted. Accordingly, omission of the requested charge was discretionary with the trial judge. We find no abuse of discretion on the part of the trial court.

*Affirmed.*