STATE of Maine

v.

Stephen R. ZADAKIS.

Supreme Judicial Court of Maine.

Argued June 5, 1986.

Decided July 18, 1986.

Janet T. Mills, Dist. Atty., Kevin Regan (orally), Asst. Dist. Atty., South Paris, for State.

Preti, Flaherty & Beliveau, Joy C. Cantrell (orally), Albert Beliveau, Portland, for defendant.

Before McKUSICK, C.J., and NICHOLS, ROBERTS, VIOLETTE, GLASSMAN and SCOLNIK, JJ.

McKUSICK, Chief Justice.

After a jury trial in Superior Court (Oxford County), defendant Stephen R. Zadakis was convicted of unlawful trafficking in cocaine, a Schedule W drug, in violation of 17–A M.R.S.A. § 1103 (1983). The only issue on appeal is whether the presiding justice abused his discretion in refusing to allow defense counsel to cross-examine the State's principal witness as to a specific instance of that witness's prior conduct. Finding no abuse of discretion, we deny his appeal.

Defendant was arrested for selling a half gram of cocaine to Robert Gilbert, who was then working for the Rumford Police Department as an undercover narcotics officer. At defendant's trial Gilbert, the only eyewitness to the illegal drug transaction, appeared as the chief prosecution witness. Defense counsel attempted to cross-examine Gilbert as to why he had been discharged from the military before the end of his term of enlistment. The State promptly objected. At the bench conference that ensued, defense counsel stated that he had a witness who could testify that Gilbert had told him that he, Gilbert, had been asked to leave the military because he had engaged in "black market" activities. Thus, argued defense counsel, he was entitled to inquire into Gilbert's character for truthfulness or untruthfulness by cross-examining Gilbert as to the reasons for his early military discharge. The presiding

justice sustained the State's objection.[1] Defendant argues on appeal that the presiding justice abused his discretion by refusing to allow defendant to continue cross-examination on the subject of Gilbert's military discharge.

◼ The issue raised by defendant is squarely controlled by M.R.Evid. 608(b), which provides:

Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence. They may, however, *in the discretion of the court*, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

(Emphasis added) As stated in *United States v. Atwell*, 766 F.2d 416, 420 (10th Cir.), *cert. denied*, — U.S. —, 106 S.Ct. 251, 88 L.Ed.2d 259 (1985), commenting upon the identical F.R.Evid. 608(b):

The trial court *in its discretion may allow* inquiry into the prior conduct of a witness concerning his character for truthfulness. *The rule does not require inquiry.* Additionally, Rule 608(b) is still subject to the balancing under Rule 403....

(Emphasis added) Even if that evidence might be probative, the court may under M.R.Evid. 403 bar such cross-examination if the evidence's probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. *See Crimm v. Missouri Pacific Railroad*, 750 F.2d 703, 708 (8th Cir.1984).

◼ From the record it is clear that defense counsel on cross-examination was attempting to inquire into Gilbert's alleged black market activities in the military. The presiding justice committed no abuse of discretion by curtailing that line of questioning. Defense counsel did nothing to pursue through voir dire[2] what Gilbert's answer would have been. The justice very well was concerned that the proposed cross-examination might confuse the issues or mislead the jury because, under Rule 608, no extrinsic evidence would have been admissible to support or refute any answer that Gilbert might have given. *See* Field & Murray, *Maine Evidence* § 608.2, at 143 (1976). Furthermore, the justice was certainly aware that "[a] cross-examiner's detailed questions about discreditable conduct may, even though denied by the witness, create a prejudice that will stick." *Id.*

"On review, when a ruling rests upon the exercise of judicial discretion, that ruling may not be set aside absent a showing of an abuse of discretion or an error of law. The primary test of the appropriateness of an exercise of judicial discretion is whether in a given case the ruling is in the furtherance of justice." *State v. Mason*, 408 A.2d 1269, 1272 (Me.1979) (citation omitted). *See also State v. Barden*, 432 A.2d 404, 411 (Me.1981). Defendant has not shown that he had, as a matter of law, the right to cross-examine Gilbert as to the reasons for his military discharge, nor has he shown

---

**1.** Before trial the State filed a motion *in limine* to prevent admission in evidence of Gilbert's employment and military records. The presiding justice had viewed those identical records *in camera* the week before, after the State had moved to exclude them in an unrelated case, *State v. Jobin*, No. CR–85–105 (Me.Super.Ct., Oxf.Cty., Nov. 22, 1985). *Jobin* involved the prosecution of a different defendant who had been charged with selling cocaine to officer Gilbert at another time. In *Jobin* the justice who later presided over the trial of the case at bar ruled that Gilbert's military and employment records were inadmissible and that nothing contained therein was relevant to Gilbert's credibility. We affirmed the judgment of conviction in *State v. Jobin*, 510 A.2d 527 (Me.1986).

**2.** Under M.R.Evid. 103(b) and (c), the defense's offer of proof could have been developed in question and answer form out of the presence of the jury. *See* E. Cleary, *McCormick on Evidence* § 51, at 123–24 (3d ed. 1984).

that the justice's ruling was inconsistent with the furtherance of justice.

The entry is:

Judgment of conviction affirmed.

All concurring.