# State of Vermont v. William D. Hoffman

[532 A.2d 577]

No. 86-380

Present: Allen, C.J., Hill, Peck and Gibson, JJ., and Barney, C.J. (Ret.),
Specially Assigned

Opinion Filed August 7, 1987

Robert Andres, Chittenden County Deputy State's Attorney, Burlington, for Plaintiff-Appellee.

Treg E. Scott of James H. Wick Law Offices, Burlington, for Defendant-Appellant.

**Gibson, J.** Defendant appeals from his conviction, after court trial, of driving while under the influence of intoxicating liquor (DUI) in violation of 23 V.S.A. § 1201(a)(2). We affirm.

On appeal, defendant's only argument is that the trial court erred by not granting his motion to suppress the results of a breath test because of a denial of his right to an independent blood test.

The statute governing the right to an independent blood test provides, in pertinent part:

> If the person submits to an evidentiary test, he shall have also the right to have a blood test administered at his expense. Arrangements for the blood test shall be made by the person submitting to the evidentiary breath test, or by his attorney or some other person acting on his behalf except where the person is detained in custody after administration of the evidentiary test, in which case the law enforcement officers having custody of the person shall make arrangements for administration of the blood test upon demand.

23 V.S.A. § 1202(c).

In Finding No. 16, the trial court found that: "The defendant asked for a blood test at the scene, yet his request was in a jumble of angry, foolish and downright dangerous conduct and conversation." The trial court is charged with evaluating the persuasive effect of evidence and credibility of witnesses, and this Court accordingly respects the court's findings if they are supported by reasonable and credible evidence in the record. See *Roy* v. *Poquette*, 147 Vt. 332, 333, 515 A.2d 1072, 1074 (1986).

The evidence clearly indicates that defendant was less than cooperative at the scene of the accident. When asked for his license and registration, defendant became upset, yelled at the state trooper, and ran into the road, blocking traffic. When asked to get out of the road, defendant refused; he was thereupon arrested, and a scuffle occurred. Following his arrest, defendant continued to yell at the trooper. Because of his behavior, defendant could not be processed at the scene. Among other things, he was charged with and convicted of disorderly conduct, a conviction he did not appeal. Nevertheless, both the officer and defendant testified that a request for a blood test was made at the scene. Accordingly, we will consider it established that defendant made a demand for a blood test at the scene of the accident.

During processing at the police barracks in Colchester, defendant was asked a number of questions, after speaking with his attorney, and he answered the questions "selectively." The trial court found that defendant understood his options and deliberately exercised those options with discrimination. He consented to a breath test and gave a breath sample for testing. When asked whether he wanted a blood test, however, defendant remained silent.

As a result of defendant's silence, the court concluded that defendant "was offered a blood test and he chose not to accept it." The court's analysis appears to hinge on the fact that defendant made no response when the officer read to defendant, at the barracks, that part of the "Sample Request Form" that reads: "Since I am taking you to jail, you must tell me at this time if you want a blood test so I can make arrangements."

■■ One of the primary purposes of the right to an independent blood test guaranteed by § 1202(c) is "to protect a defendant against possible error involved in testing or in the results of the test made by the authorities." *State* v. *Johnson*, 143 Vt. 355, 359, 465 A.2d 1366, 1368 (1983). Thus, the right to an independent blood test is an integral component of the implied consent law, 23 V.S.A. § 1202, in that it performs the important function, when invoked, of corroborating or challenging the accuracy of the breath test results that are used by the State as evidence of guilt. Given the legislative recognition of the importance of this right, this Court will not recognize a waiver of this right in the absence of substantial evidence to support a finding of waiver. Cf. *State* v. *Bassett*, 128 Vt. 453, 455, 266 A.2d 438, 440 (1970) (blood test results properly admitted where there is "substantial evidence that [defendant] gave his consent to the test . . . ."). The presumption is against waiver of the right, *State* v. *Mosher*, 143 Vt. 197, 203, 465 A.2d 261, 264 (1983), and the State has the burden of proving a knowing and intelligent waiver. *Id.*

The alleged waiver in this case is predicated on the failure of defendant to respond to statements by the officer, not on any affirmative expression of intent to waive the right. We are troubled by the uncertainties implicit in basing a legal conclusion of waiver solely on such inherently ambiguous conduct as silence. See *Miranda* v. *Arizona*, 384 U.S. 436, 475 (1966) ("[A] valid waiver [of *Miranda* rights] will not be presumed simply from the silence of the accused after warnings are given . . . ."). The decision in

*Stockwell* v. *District Court*, 143 Vt. 45, 460 A.2d 466 (1983), however, provides us with an appropriate method of analyzing defendant's silence herein in light of other aspects of his behavior.

In *Stockwell*, the issue was whether defendant's belligerent, uncooperative, and equivocal behavior constituted a refusal to submit to a breath test for purposes of 23 V.S.A. § 1205. Faced with the problem of deciding whether such indeterminate and somewhat irrational behavior constituted an act that, under the statute, gave rise to significant legal consequences,* the Court adopted a "totality of the surrounding facts and circumstances" test. *Stockwell*, 143 Vt. at 50, 460 A.2d at 468. Because the same difficulty is presented in this case, we conclude that a similar analysis should apply here.

In *Stockwell*, the "[p]laintiff's attitude was uncooperative from the outset and never changed." *Id.* at 51, 460 A.2d at 469. When asked whether he would take a breath test, "plaintiff would not give any clear verbal expression of either consent or refusal, responding to questions as to his intent with silence, meaningless insults, and incoherencies." *Id.* at 48, 460 A.2d at 467. This Court held that a person may refuse a test by deeds as well as by words, and ruled that the police were justified in concluding under all the circumstances that the plaintiff had refused to submit to testing. *Id.* at 51, 460 A.2d at 469.

Here, when specifically asked during processing whether he wanted a blood test, defendant remained silent. The evidence indicates that defendant understood his rights when they were recited to him and that he coherently answered other questions during the processing. Had the police attempted to take a sample of defendant's blood without his express consent, they would have violated his statutory right of refusal. 23 V.S.A. § 1205(a); *State* v. *Baldwin*, 140 Vt. 501, 513, 438 A.2d 1135, 1141 (1981); *State* v. *Brean*, 136 Vt. 147, 151, 385 A.2d 1085, 1088 (1978); see also *State* v. *Ball*, 123 Vt. 26, 30, 179 A.2d 466, 468-69 (1962) (consent to the taking of any of the permitted tests is required to be real, and nowhere do the statutes substitute an implication for an expressed consent to a test).

■ Although defendant stated at the scene of the accident a request for a blood test, his disruptive behavior prevented the po-

---

* The consequence of the refusal in *Stockwell* was suspension of defendant's operator's license. 23 V.S.A. § 1205(a).

lice from processing him until they had taken him to the police barracks. During the interim, defendant was able to talk with his attorney, and the police had no way of knowing whether defendant might have changed his mind about wanting to have a blood test administered. Under the circumstances, the police were entirely justified in construing defendant's silence, in response to their direct inquiry during processing, as a decision that defendant did not want a blood test. We find, considering the totality of the surrounding facts and circumstances, that there was substantial evidence for the court to have concluded that a valid waiver had been given by defendant. See *Stockwell*, 143 Vt. at 50, 460 A.2d at 468; *Bassett*, 128 Vt. at 455, 266 A.2d at 440.

*Affirmed.*