**STATE of Vermont v. Daniel E. QUIROZ**

[757 A.2d 464]

No. 99-263

May 23, 2000. Defendant Daniel Quiroz was convicted by a jury of sexual assault on a minor. He appeals, claiming he was denied his right to confront the complaining witness when the court precluded him from using a delinquency adjudication and specific instances of conduct to impeach her testimony We affirm.

Defendant was convicted of sexually assaulting his daughter, who was fourteen at the time she reported the abuse. The case against defendant rested on the vic-

tim's testimony; defendant denied the allegations and attacked the victim's credibility. During the course of the trial, defendant impeached the victim by: eliciting testimony that the victim had been sent to counseling by her stepmother for lying; by eliciting further testimony about her reputation for untruthfulness from her stepmother and a school official; and by inquiring into specific instances when the victim lied about stealing money, being neglected, making telephone calls, stealing a pocketbook and stealing a ring. However, when defendant attempted to introduce evidence of her adjudication of delinquency for uttering a forged instrument, the court disallowed it. Further, the court refused to allow defendant to inquire in more detail about the specific instances of conduct. Defendant argues the court erred in disallowing the introduction of the delinquency adjudication and more detail about the specific instances of conduct because these rulings denied him his constitutional right to confront the witness.

The victim had previously been adjudicated a juvenile delinquent for stealing a pocketbook from a teacher at school and forging and cashing checks that were in the pocketbook. Rule 609(d) of the Vermont Rules of Evidence provides that evidence of a juvenile adjudication is generally not admissible to attack the credibility of a witness, unless "conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for fair determination of the issue of guilt or innocence." V.R.E. 609(d). Thus, to be admissible a juvenile adjudication, like an adult conviction, must involve untruthfulness or falsification, and the probative value must outweigh its prejudicial effect. V.R.E. 609(a)(1). In addition, even if the evidence meets those criteria, the court must find the admission of the juvenile conviction is "necessary" to a fair disposition of the case.

The requirement that impeachment by a juvenile adjudication be allowed only where necessary is intended to be interpreted consistently with *Davis v. Alaska,* 415 U.S. 308 (1974). See Reporter's Notes, V.R.E. 609(d). *Davis* held that, although juvenile adjudications are generally confidential, the Sixth Amendment right of confrontation required that the accused in that case be allowed to use a juvenile adjudication to show the identifying witness may have felt pressured by the police to make an identification. 415 U.S. at 317-18. The introduction of the juvenile adjudication in that case was necessary because there was no other way for the defendant to prove his theory that the witness's juvenile adjudication made him vulnerable to police pressure. See *id.* at 318. By contrast, defendant here is attempting to utilize the juvenile adjudication to prove the victim is an untruthful person and nothing more. Defendant argues, essentially, that forgery represents a more serious misrepresentation than the other lies told by the victim, and therefore the evidence was necessary to prove that the victim was totally unbelievable. Because there was other evidence of lying, however, the delinquency adjudication was not necessary to the defense, and the court did not err in excluding it. See V.R.E. 403 (evidence may be excluded if cumulative); *State v. Larose,* 150 Vt. 363, 370, 554 A.2d 227, 232 (1988).

Defendant also argues that his right to confront the witness was denied when the court limited his cross-examination into specific instances of the victim's conduct. Specific instances of the conduct of a witness may be used to impeach the witness on cross-examination if they are probative of untruthfulness. See V.R.E. 608(b). However, the decision whether to allow the inquiry lies within the discretion of the court. See *State v. Fuller,* 168 Vt. 396, 403, 721 A.2d 475, 481 (1998); *State v. French,* 152 Vt. 72, 80, 564 A.2d 1058,

1063 (1989); *Larose*, 150 Vt. at 368, 554 A.2d at 232.

Defendant attempted to inquire into several incidents under Rule 608(b): lying to school authorities about being neglected at home, stealing $150 from home and lying about it, stealing a ring from her stepmother and lying about it, making up stories about her schoolmates, lying to her parents about making phone calls, stealing the pocketbook and lying about it, and forging the checks from the stolen pocketbook. The court found that while the various incidents of stealing were not probative of untruthfulness, the acts of lying were, making them admissible under Rule 608(b) to impeach the victim. See *State v. Davis*, 165 Vt. 240, 250, 683 A.2d 1, 7 (1996) (specific instances of conduct with minimal probative value not admissible to impeach witness). Although the court allowed defendant to ask the victim about the times she lied about stealing, it limited defendant's ability to delve into the underlying acts of stealing because it determined that the incidents of stealing were not independently probative of truthfulness. We conclude that the court did not abuse its discretion by imposing limits on defendant's inquiry. See V.R.E. 403; *Larose*, 150 Vt. at 369-70, 554 A.2d at 232 (court has wide latitude to impose reasonable limits on cross-examination).

We also conclude that the court did not abuse its discretion in precluding defendant from inquiring into the forging of the stolen checks. Again, notwithstanding that a specific act of conduct may be probative of untruthfulness, the court has discretion to exclude it. See *Larose*, 150 Vt. at 368, 554 A.2d at 231. In ruling on each of these issues, the court considered the probative value, the prejudice to the witness, and the cumulative nature of the evidence impeaching the witness. These are appropriate considerations, see V.R.E. 403, and we cannot say the court abused its discretion in precluding defendant from inquiring into the forgery to attack the victim's credibility.

*Affirmed.*